**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Adnan MANNI, Defendant-Appellant.**

**No. 86–1007.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 14, 1986.

Decided Jan. 21, 1987.

James J. Hoare, argued, Weinbaum, Willis, Abbo & Hoare, Southfield, Mich., for defendant-appellant.

Patricia Blake, Asst. U.S. Atty., Detroit, Mich., Stephen Hiyama, argued, for plaintiff-appellee.

Before NELSON and RYAN, Circuit Judges and ENSLEN, District Judge.*

PER CURIAM.

Indicted on four counts as a felon in possession of a firearm, Adnan Manni pled guilty to count three, receiving an A.K.S. semi-automatic rifle in violation of 18 U.S.C. § 922(h)(a), pursuant to a Rule 11 agreement. Defendant was sentenced to five years, the statutory maximum as well as the maximum permitted under the plea agreement. The most significant of the numerous questions raised in this appeal is whether the district court's "technical failure" to comply with Rule 32(c)(3)(D) requires a remand for resentencing. Having concluded that the evidence indicates that the district court has not complied with Rule 32, and finding no merit in the other claims of error, we shall affirm the convic-

tion and remand for the purpose of resentencing.

Defendant had previously been convicted of an attempted carrying of a concealed weapon. In that case defendant, eighteen at the time, telephoned one of his brothers, Adil, to explain that he would be a little late in returning Adil's car. Adil told the defendant that the alarm company had just phoned him to report that there was a breaking and entering in progress in Adil's liquor store located at 12555 Harper in Detroit, Michigan. Adil told the defendant that he would find his registered gun in the glove compartment and ammunition in the trunk, and asked that he go to the store immediately to investigate the problem. On October 11, 1981, at approximately 12:30 a.m., the defendant arrived at the store. With the loaded revolver now partially exposed in his belt, the defendant got out of the car. After accosting two police officers who were already on the scene investigating the break-in, the defendant made a quick call to the alarm company. As he returned from making that call, he was arrested and charged with carrying a concealed weapon.

The trial judge reduced the charge from carrying a concealed weapon to attempting to carry a concealed weapon. As a result of his conviction of that lesser offense, defendant was placed on probation for a period of one year.

The facts surrounding the instant possession must have made defendant feel—in the words of that contemporary philosopher, Yogi Berra—as if it were "*deja vu* all over again." This time defendant was allegedly responding to a previous telephone call from his other brother, Gary, who indicated that there was again trouble at the same liquor store at 12555 Harper. Gary told the defendant that he needed assistance and that he should bring Gary's guns to him. Judging from the information contained in the original four counts,

* The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation.

Mr. Manni must have had in his possession a small arsenal.

The defendant, an AKS 47 rifle in his hands, attempted to run from his parent's liquor store, located at 11591 Harper, to the store at 12555 Harper approximately one-half mile away. While enroute, defendant was stopped and arrested by a state trooper. The defendant has been in custody since the date of his arrest March 25, 1986.

In addition to dismissing counts one, two, and four, of the indictment in exchange for a plea of guilty to count three, the Rule 11 agreement also provided that the government would not seek enhancement of the sentence pursuant to 18 U.S.C. § 3147, on the basis that the offense in count four was committed while defendant was on bond. The government also agreed not to bring any other charges arising out of investigations by the Drug Enforcement Administration or the Bureau of Alcohol, Tobacco, and Firearms.

Prior to sentencing, defendant objected to a number of allegations and opinions contained in the pre-sentence report, including the allegation that defendant once had heroin in his possession. He also objected to the firearms sentencing guidelines which were contained in the pre-sentence report.

At the sentencing hearing, defendant argued that because of his age and the plea date, the trial court should consider the firearms sentencing guidelines in effect until November 4, 1985, rather than the new guidelines. The court advised the defendant: "That goes to the guidelines for the parole, if anything." The court made no ruling nor did it indicate at the time of sentencing that it would not consider the disputed items in the sentencing memorandum.

Subsequent to his conviction, defendant argued in his Rule 35 motion, as he continues to argue today, that under the old guidelines in effect on October 1, 1985, and effective until November 4, 1985, he would have been in a Category 3, and a very good offender characteristic (8–10) would have given him a probable incarceration time of eight to twelve months. Under the new guidelines, he is incarcerated for a period of twelve to eighteen months because the offense was recategorized as a Category 4. Under the new guidelines, if his offense were a Category 3, he would serve less than ten months. Defendant suggests that since the inception of this case, he has been reviewed for parole and was given a forty-month probable sentence. Defendant raises several issues on appeal.

## I.

### A.

As his first claim of error, defendant argues that the district court's "technical failure" to comply with Rule 32 requires a remand for resentencing.

Defendant relies primarily on the plain language of Fed.R.Crim.P. 32(c)(3)(D):

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court *shall* as to each matter controverted, make (i) a finding as to the allegation or, (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written report of such findings shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission. (emphasis added).

Because there were no notations on defendant's pre-sentence report, nor any references by the sentencing judge that he would not consider items contained in the pre-sentence report to which defendant had objected, defendant concludes that the judge must have considered the allegations in the pre-sentence report since he gave defendant the maximum sentence.

Plaintiff argues that the factual disputes raised by defendant concern only statements made in a report prepared by the

prosecutor and submitted separately from the pre-sentence report. Plaintiff asserts that a probation officer prepared a pre-sentence report which included a section called "prosecution version" in which the offenses charged in the indictment were discussed. After the report was prepared, the probation office received a proposed "prosecution version" prepared by the Assistant U.S. Attorney. It was this report that plaintiff maintains included allegations of other criminal conduct by the defendant including involvement in "drug dealing," as well as allegations that he had attempted to bribe police officers in an unrelated local matter.

Plaintiff emphasizes that the probation office did not rewrite the pre-sentence report to include the additional material, but rather submitted it to the judge separately, with an explanatory letter. Plaintiff also notes that both the "official" pre-sentence report and the supplement prepared by the prosecutor were made available to the defendant before sentencing.

Plaintiff candidly admits that this "prosecution version" might be considered "technically" a part of the pre-sentence report and as such there may have been a "technical violation" of Rule 32 since the district court failed to make factual findings or state explicitly that it would not rely on the disputed information.

Plaintiff also suggested that although defendant did allege certain factual inaccuracies, he did not request an evidentiary hearing nor ask the district court whether it intended to rely on the disputed facts in imposing sentence. Plaintiff contends that under these circumstances: 1) the trial court's failure to follow the technical requirements of Rule 32 should be waived; or 2) we should adopt a rule placing some burden on defendant to bring Rule 32 requirements to the court's attention.

■ As a threshold matter, we must resolve whether the proposed "prosecution version" is part of the pre-sentence report within the meaning of Rule 32(c)(3)(D). We hold that what plaintiff has styled the "prosecution version" is part of the pre-

sentence report within the plain meaning of Rule 32(c)(3)(D).

■ We categorically reject plaintiff's suggestion that the rule be modified to require defendant to bring Rule 32(c)(3)(D) to the court's attention. That suggestion misperceives the nature and purpose of the rule. It is clear that the district court is not required under Rule 32(c)(3)(A) or (D) to hold an evidentiary hearing on the disputed facts. But "the district court has an important obligation to scrutinize the pre-sentence report for prejudicial inaccuracies." *United States v. LeBlanc*, 762 F.2d 502, 505 (6th Cir.1985).

■ Where "allegations of inaccuracy [are] before the sentencing court" and that court "fail[s] to make findings regarding the controverted matters or a determination that the disputed information [will] not be used in sentencing", resentencing is required. *United States v. Hamm*, 786 F.2d 804, 808 (7th Cir.1986) (*quoting United States v. Eschweiler*, 782 F.2d 1385, 1389 (7th Cir.1986)).

Nor do we find any evidence that the comments of the trial court judge implicitly indicated that he was not going to rely on the disputed facts. *See United States v. Ibarra*, 737 F.2d 825 (9th Cir.1984) (the comments of the judge in a discussion with defendant's counsel indicated that the district court had substantially complied with Rule 32(c)(3)(D)). Even in *Ibarra*, however, the Ninth Circuit concluded in a footnote that:

"New subdivision (c)(3)(d) does not impose an onerous burden. It does not even require the preparation of a transcript. As is now the practice in some courts, these findings and determinations can be simply entered onto a form which is [then] [sic] appended to the [presentence] report." Fed.R.Crim.P. 32(c)(3)(d) advisory committee note on 1983 amend., para. 8.

*Ibarra*, 737 F.2d at 828, n. 2. The *Ibarra* court emphasized that by adhering to the "modest requirements" of 32(c)(3)(D) "the district courts can help reduce unnecessary

appeals based on the parties' misunderstanding of the record." *Ibarra*, 737 F.2d at 827–28.

■ We find *Ibarra's* "modest proposal" sound. Because the trial court made neither findings regarding the disputed matters nor a determination that the information would not be used in sentencing, we must remand the case to the district court for the purpose of resentencing consistent with the procedures set forth in Rule 32(c)(3)(D).

### B.

As his second claim of error, defendant argues that he should not have been sentenced under the firearms pleading guidelines in effect when he pled, since new guidelines took effect prior to his sentencing.

Defendant argues that because he relied on those old guidelines when he submitted his plea, applying the new guidelines is equivalent to "ex post facto application." Defendant admits that he can cite no case law in support of his claim, but rather argues by analogy from a line of cases that holds that a law is *ex post facto* which "in relation to the offence [sic] or its consequences, alters the situation of a party to his disadvantage ... takes away or impairs the defence [sic] which the law had provided the defendant" at the time of the offense. *United States v. Henson*, 486 F.2d 1292, 1306 (D.C.Cir.1973) (*en banc*) (other citations omitted).

■ Defendant's claim has no merit. The U.S. Parole Commission guidelines are not "laws" within the prohibition of the *ex post facto* clause of the United States Const. Art. 1 § 9, Cl. 3. *See Ruip v. United States*, 555 F.2d 1331 (6th Cir.1977). Further, the application of new parole guidelines promulgated after a defendant is sentenced does not violate Fed.R.Crim.P. 11 even where the defendant claims that when he entered his plea he was led to believe that he could expect to be paroled. *Id.* at 1336.

### C.

The third basis for appeal is that the imposition of the statutory maximum penalty, consistent with the Rule 11 agreement, amounts to "cruel and unusual punishment."

■ There has been no showing that the trial court failed to consider the pleas for leniency made by defendant's counsel. Defendant received benefit of plea bargain and the sentence was permissible within the statute. Therefore, there is no basis for appellate review. *See United States v. Barbara*, 683 F.2d 164 (6th Cir.1982).

### D.

Defendant raises two more issues on appeal. Both issues are essentially statutory arguments. Each is without merit.

■ Defendant's first argument, although couched in terms of "due process and equal protection," is really an attack on the sufficiency of the evidence that might have been produced at trial. This argument has been clearly waived by defendant's guilty plea. *United States v. Freed*, 688 F.2d 24, 25 (6th Cir.1982).

■ Defendant's second argument is that while he "possessed" the firearm in violation of 18 U.S.C. App. § 1202, he did not "receive" it within the meaning of § 922(h)(1) because the rifle was owned by his brother. This argument is simply wrong. It is well settled that the term receipt includes any knowing acceptance or possession of a firearm. *United States v. Lipps*, 659 F.2d 960, 962 (9th Cir.1981). Proof of possession is equivalent to proof of receipt for most purposes. *United States v. Beverly*, 750 F.2d 34, 36 (6th Cir.1984) (*citing United States v. Craven*, 478 F.2d 1329, 1336 (6th Cir.1973)).

In summary, defendant's arguments are all without merit with the exception of the first argument as we have previously indicated. The judgment of the district court is AFFIRMED insofar as defendant's conviction is concerned. The case is REMANDED with instruction to resentence

the defendant in a manner which comports with the provisions and procedures of Rule 32(c)(3)(D).