825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph A. MASSARO, Defendant-Appellant.
 No. 86-7400
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided July 24, 1987.
 
 Thomas M. Dawson, for appellant.
 Martin P. Sheehan, Assistant United States Attorney (William A. Kolibash, United States Attorney, and Beth Heier-Lurz, Special Assistant United States Attorney, on brief), for appellee.
 Before RUSSELL, Circuit Judge, BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The habeas corpus petitioner here, Joseph A. Massaro, was defendant in a criminal action filed February 2, 1984, in the Northern District of West Virginia, styled United States of America v. Joseph A. Massaro, Criminal Action No. 84-0005-E(K)-07. In that case, on August 14, 1984, the defendant entered a guilty plea[1] to Count 1, a RICO charge, under a plea agreement.[2] On October 17, 1984, defendant received a sentence of 10 years.
 
 
 2
 Habeas corpus relief under 28 U.S.C. Sec. 2255 is sought for Massaro on two grounds: (1) that the District Court failed to comply at sentencing with Federal Rule of Criminal Procedure 32(c)(3)(D), addressing the presentence report, and (2) that the defendant was denied effective assistance of counsel, charging that trial counsel Beveridge had a conflict of interest in that he also represented another defendant named Stevens in the 39-defendant, 343-count narcotics indictment, at the same time he represented Massaro. No inquiry was made by the court into such joint representation as required by Rule 44(c) of the Federal Rules of Criminal Procedure.
 
 
 3
 Finding that the petitioner is not entitled to relief on either ground, the action of the District Court denying relief will be affirmed.
 
 Presentence Report; Rule 32(c)(3)(D)
 
 4
 In pertinent part, Fed. R. Crim. P. 32(c)(3)(D) provides as follows:
 
 
 5
 (D) If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 6
 Following Massaro's negotiated plea of guilty to one count on August 14, 1984, a presentence report was prepared. The sentencing hearing before Judge Kidd began on October 3, 1984, but was continued to allow Massaro to show that he was cooperating in the ongoing narcotics investigation. The continued sentencing hearing was completed on October 17, 1984.
 
 
 7
 At the October 3rd sentencing hearing, both co-counsel for Massaro, Mr. Beveridge and Mr. Cleckley, were allowed to address the court after being asked by Judge Kidd for any comment they wanted to make concerning the [presentence] report or any additions or corrections to be offered thereto (App. 128). Both attorneys acknowledged that they had reviewed the report on September 27, and had gone over it with their client (App. 127). Counsel directed the court's attention to only two minor matters reported therein, of a brouhaha at the Rosebud Bar and a reference to child support. The reported incidents were not challenged as untrue, but a mild objection was registered as to their being overemphasized. The court acknowledged the objections and then, by implication, characterized the incidents as being of no real importance to the court in the sentencing process. Counsel were satisfied. Defense counsel then said that any other matters in the report would be dealt with on allocution, and thus indicated nothing further to be raised as to the presentence report requiring court correction or comment.
 
 
 8
 Eighteen months later, in March 1986, new habeas corpus counsel for Massaro raised two additional matters which he found in the presentence report and which had been challenged: (1) a statement that Massaro had ties to organized crime, and (2) an account that Massaro had made frequent trips to West Virginia to see someone named Gallo, implying that the travel was to facilitate the sale of narcotics.
 
 
 9
 The presentence report does comment that Massaro was an 'associate' of Anthony Acceturo of the Luchese family of the Mafia. Neither counsel at the original sentencing nor current counsel for Massaro has denied that Mr. Massaro was indeed an associate of Mr. Acceturo. In argument for Massaro at sentencing (App. 147), Massaro's attorney admitted '. . . that he [Massaro] was an associate of Anthony Acceturo.' It was agreed that he had had business transactions with members of Mr. Acceturo's family at his car business and in fact 'knew the guy' and had '. . . been introduced to him, met the guy on several occasions.' Thus the statement of the association of Massaro and Acceturo in the presentence report was not factually erroneous and was not controverted under the requirements of Rule 32(c)(3)(D). It was, as Attorney Beveridge stated, only a matter of 'semantics and grammar' (App. 147). No violation of Rule 32(c)(3)(D) is perceived.
 
 
 10
 The presentence report also contains remarks that '. . . the defendant made frequent trips to Clarksburg, West Virginia to visit Gallo.' In commenting at sentencing on this part of the report, counsel for Massaro argued on the record that there was nothing to indicate that Massaro made such trips to West Virginia, that the numerous contacts between Massaro and Gallo were all in Florida. The clear intent of the argument was to persuade the Court (App. 147-148) that Massaro was not a supplier of cocaine in West Virginia. Judge Kidd acknowledged Massaro's lesser role as only a go-between and that he was not a supplier (App. 138). In commenting on the Gallo-Massaro connection, the court said, for the record, that it found Massaro was more of a go-between than a supplier (App. 139). Thus the court acknowledged at the sentencing hearing of October 3, 1984 that Massaro was not a supplier. Whether the several meetings of Gallo and Massaro were in Florida or West Virginia was harmless in any event, since the supplier innuendo had been laid to rest. Rule 32(c)(3)(D) requirements were fully met.
 
 
 11
 Lastly, Massaro's habeas counsel contends that two additional items were disputed at the sentencing hearing: (1) that Massaro had traveled to the Bahamas to engage in marihuana transactions and (2) that Massaro, while cooperative with regard to the instant case, was untruthful with the government regarding a murder in Florida. Neither of these items appears in the presentence report. Rather, the government raised Massaro's travel to the Bahamas as a reason that the judge should revoke Massaro's bond during the period when his sentencing hearing was being continued (App. 160). The judge stated, 'It is carrying no weight with the court' (App. 163). The continuance was granted so that Massaro could cooperate with the government as required by his plea agreement. The government stated the second item in question, i.e., Massaro's untruthfulness regarding the murder in Florida, in response to the court's inquiry at that continued hearing regarding the extent of Massaro's cooperation (App. 179).
 
 
 12
 Rule 32, by its plain language, applies only to 'the presentence investigation report or the summary of the report or part thereof.' It does not apply to items like those questioned here. Therefore, even assuming that the district judge failed to make findings as to controverted facts relating to these items, he was not required to do so.
 
 
 13
 Massaro's reliance, in this regard, on United States v. Manni, 810 F.2d 80 (6th Cir. 1987), is misplaced. In that case, the prosecution had submitted a supplement to the probation office's presentence report. The court of appeals held that this supplement was part of the presentence report and was therefore subject to Rule 32. Id. In the present case, by contrast, we find that the items here being questioned are not part of the presentence report. They were presented in relation to a bond hearing and to a progress report on Massaro's cooperation with the government, not for the judge's consideration with regard to sentencing. As a practical matter, a district court's docket cannot always allow for a separate hearing on each issue in a defendant's prosecution. The judge may, however, treat the issues discretely, as the judge clearly did in this case. He is not required to make a Rule 32 finding as to every fact presented merely because sentencing is an issue at some point in that hearing or series of hearings.
 
 
 14
 In summary, none of Massaro's allegations constitutes error under Rule 32(c)(3)(D).
 
 Conflict of Interest of Counsel
 Ineffective Assistance of Counsel
 
 15
 Though offered in his brief, counsel for defendant did not argue any alleged conflict of interest on the part of trial counsel in his appearance before this court, nor was there any comment on alleged ineffective assistance of counsel. Ignoring these issues may have been a signal that these claims have been abandoned on this appeal. In any event, finding no merit in either, the court will comment briefly.
 
 
 16
 Mr. Beveridge, counsel of record in the criminal trial, succeeded a Mr. Thieman as attorney for Massaro, and first appeared in the record as counsel after May 5, 1984. Prior to that time Mr. Beveridge had represented a Mr. Thomas Stevens, a defendant in this same narcotics indictment which encompassed 39 defendants and 343 separate counts. Mr. Stevens' trial had begun in late April and had ended with a jury conviction on May 5, 1984, before Judge Maxwell. Thereafter, Stevens' conviction was appealed on grounds that Assistant United States Attorney Jividen had perpetrated some alleged error. Stevens' conviction was ultimately affirmed.
 
 
 17
 Thus, when Mr. Beveridge undertook Massaro's defense and negotiated a plea agreement and a plea of guilty before Judge Kidd to one count on August 14, 1984, his representation of Stevens had concluded, except for the Jividen issue on appeal. The only 'joint' representation by Beveridge of Massaro and Stevens would be that he represented them in two separate appeals--both on the Jividen issue. The two appeals were not joined for appellate purposes, each was argued separately, on the same issue, and the two convictions were affirmed by separate panels in the Fourth Circuit.[3] Massaro never raised any Rule 44 issue and there is no evidence that Judge Kidd ever knew that Beveridge had earlier been trial counsel for another defendant, Stevens, or was pursuing an appeal on his behalf. The exhortation of Rule 44 is that 'unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.' Here, however, the district court was never prompted to any action. No Rule 44 problem was called to Judge Kidd's attention and he was not otherwise aware of any. Massaro never sought a Rule 44 inquiry although he knew of the rule as plainly shown by the record of the Rule 44 inquiry by Judge Kidd as to attorney Cleckley's appearance on behalf of Massaro (App. 117-126). Mr. Cleckley had earlier represented three defendants in this multidefendant indictment. As to Cleckley, Judge Kidd discussed all Rule 44 ramifications, on the record and directly with Massaro.
 
 
 18
 Under these facts, it does not appear that the judge's failure to conduct a Rule 44 inquiry regarding Attorney Beveridge's joint representation of Massaro and Stevens constitutes grounds for reversal. Mere failure to follow Rule 44, standing alone, does not require a reversal. United States v. Arias, 678 F.2d 1202, 1205 (4th Cir.), cert. denied, 459 U.S. 910 (1982). In fact, in a case like the present one where the fact of joint representation was not raised until the appeal, we found that failure to conduct a Rule 44 inquiry was not plain error, and declined to reverse the case or even to inquire further into the matter. Id. at 1205.
 
 
 19
 If we were to inquire further into the present case, our analysis of the joint representation claim would have two parts. First, a reversal would be required where, absent an objection to the joint representation, the district court fails to investigate the situation sua sponte when it 'knows or reasonably should know that a particular conflict exists.' United States v. Ramsey, 661 F.2d 1013, 1018-19 (4th Cir. 1981) (quoting Cuyler v. Sullivan, 446 U.S. 335, 347 (1980)), cert. denied, 455 U.S. 1005 (1982). Mr. Beveridge's representation of Thomas Stevens was never brought to the court's attention. The court could not reasonably have been aware of the joint representation, given the multitude of co-defendants and the separate trial of Stevens before a different district court judge.
 
 
 20
 Second, reversal would be required where an actual conflict of interest existed that adversely affected counsel's performance for the petitioner. See Sullivan, 446 U.S. at 348-50. In the present case, it does not appear that Massaro has shown any actual conflict of interest between himself and Stevens in the joint representation. Beveridge's decision not to consolidate the appeals does not appear to have prejudiced Massaro or to have affected the adequacy of Beveridge's representation of him, especially in view of the outcome of the two appeals.
 
 
 21
 There are several other scattershot allegations of conflict of interest or ineffective assistance laid to Mr. Beveridge, Massaro's trial attorney. For answer to most of these charges, one need only read the painstaking colloquy between Judge Kidd and Massaro himself on August 10, 1984, and reported in the Joint Appendix, pages 85 through 114. On Massaro's claim that his alcohol and drug dependency affected his ability to understand the plea agreement, the trial record (App. 88) reflects Mr. Massaro saying, 'No, sir, I am a member of A. A. in Florida. I am an alcoholic and I haven't had a drink in some time.' And again, '[I]t [Presentence Report] doesn't say anything about my involvement with Alcoholics Anonymous and Narcotics Anonymous where my name was on a hot line answering service where I spent a lot of time counseling people. . . . I was on the mend, your honor' (Massaro, App. 183).
 
 
 22
 On Massaro's claim that his counsel misrepresented the contents of the plea agreement, the court said (App. 97), 'Mr. Massaro, you heard the plea bargain . . . the substance of it as given by the U. S. Attorney. Is that the plea bargain as you understand it?' Massaro answered, 'Yes, sir.' The plea bargain, before it was allowed to be filed by the Court, was stated to contain the entire agreement between the parties. All of this occurred on August 10, 1984. The claim of misrepresentation centered on the revocation of bond. Massaro was free on bond and remained free until the bond was revoked on October 3, 1984. Present counsel argued in his brief that Massaro's trial counsel had represented to Massaro that the plea bargain was intended to keep him free on bond. The plea bargain read into the record contained no such promise. Nevertheless, Massaro remained at large until October 3rd, with the agreement of the United States Attorney (App. 113). When his bond was revoked it was because Massaro had admitted violations of the conditions thereof by using cocaine while free on bond. Surely it cannot be seriously contended that any plea agreement, in writing, or oral, would be acceptable which guaranteed the right to full freedom on bond, regardless of the defendant's violation of the conditions of the bond by engaging in criminal activity, in this case the use of cocaine.
 
 
 23
 Accordingly, we find no merit to Massaro's claim regarding joint representation or ineffectiveness of counsel.
 
 
 24
 For the reasons stated, the district court's denial of relief on Massaro's Sec. 2255 petition is affirmed in all respects.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 The guilty plea was conditional to an appeal based on alleged improprieties laid to an Assistant United States Attorney, Jividen, but this 'conditional' aspect is of no moment here. The criminal conviction was appealed and affirmed by the Fourth Circuit Court on October 30, 1985, United States v. Massaro, No. 84-5300
 
 
 [2]
 No difficulties arise under the plea agreement
 
 
 [3]
 The Stevens appeal was heard by Circuit Judges Winter, Widener and Hall. The Massaro appeal was heard by Circuit Judges Russell, Ervin and Haynsworth