865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adnan MANNI, Defendant-Appellant.
 No. 87-1335.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 18 U.S.C. Sec. 922(h)(1) makes it unlawful for any person who has been convicted of a felony to receive a firearm that has been shipped in interstate commerce. Appellant Adnan Manni pleaded guilty to one count of an indictment charging him with having violated this statute. The district court sentenced him to imprisonment for the statutory maximum of five years, and Mr. Manni appealed. We sent the case back for appropriate factual findings and resentencing. Our opinion was reported at 810 F.2d 80 (6th Cir.1987).
 
 
 2
 On remand the district court again sentenced Mr. Manni to a term of five years. Again Mr. Manni has appealed, claiming an abuse of discretion and violation of the federal constitution. Mr. Manni also argues that the district court erred in denying a motion to vacate sentence under 28 U.S.C. Sec. 2255. For the reasons stated below, we shall affirm the judgment of the district court.
 
 
 3
 "As a general rule, a sentencing decision by a district judge is unreviewable if it is within the statutory limits." United States v. Johnson, 831 F.2d 124, 129 (6th Cir.1987), cert. denied, 108 S.Ct. 1242 (1988); accord, United States v. DeBardeleben, 740 F.2d 440, 447 (6th Cir.), cert. denied, 469 U.S. 1028 (1984); United States v. Fraser, 709 F.2d 1556, 1559 (6th Cir.1983); United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982). We have identified two exceptions to the rule: "(1) reliance upon erroneous or improper factors or information in sentencing so as to amount to a gross abuse of discretion; and (2) failure to evaluate the sentencing information submitted, or total failure to exercise discretion." Barbara, 683 F.2d at 166.
 
 
 4
 At the time of resentencing the court had before it a post-sentence report indicating that Mr. Manni had cooperated with corrections officers and staff in their rehabilitation program. Also before the court were numerous letters of recommendation from ministers and other individuals familiar with Mr. Manni and his family background. After the first sentencing, moreover, the court learned that Mr. Manni's prior felony conviction, upon which the felon-in-possession-of-a-firearm charge rested, had been set aside.
 
 
 5
 The transcript of the hearing at which Mr. Manni was resentenced indicates that the district judge had read the defendant's sentencing memorandum. Mr. Manni's exemplary record as a prisoner was emphasized in the oral presentation of Mr. Manni's counsel, and the district court acknowledged that the court was free to consider new evidence bearing upon the defendant's character and culpability.
 
 
 6
 Having reviewed the record, we find now, as we did before, that "[t]here has been no showing that the trial court failed to consider the pleas for leniency made by defendant's counsel." Manni, 810 F.2d at 84. We cannot say that the trial court abused its discretion in rejecting the pleas for leniency, strong though they seem to have been. The guilty plea was entered pursuant to a Rule 11 plea agreement in which Mr. Manni expressly acknowledged that the court could impose a sentence of up to five years' imprisonment, and that is what the court did. The sentence did not constitute "cruel and unusual punishment," in our opinion.
 
 
 7
 Mr. Manni also asserts that the district court erred in denying a motion to vacate sentence because of the setting aside of the felony conviction on which the violation of 18 U.S.C. Sec. 922(h)(1) was predicated. The order denying Mr. Manni's motion to vacate sentence was entered on December 16, 1986, and Mr. Manni's notice of appeal was filed on March 27, 1987, more than three months later. 28 U.S.C. Sec. 2255 provides that "[a]n appeal may be taken to the court of appeals from the order entered on the motion [to vacate sentence] as from a final judgment on application for a writ of habeas corpus." Accordingly, the time limitation of Rule 4(a)(1) applies. United States v. Garcia-Machado, 845 F.2d 492, 493 (5th Cir.1988). Because Mr. Manni's appeal was filed well beyond the 60-day period allowed by Rule 4(a)(1), we lack jurisdiction to consider the refusal to vacate sentence. See Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264 (1978).
 
 
 8
 The judgment of the district court is AFFIRMED.