931 F.2d 57
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald PARRISH, Defendant-Appellant.
 No. 90-3748.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, Donald Parrish, appeals his conviction of making a false and fictitious statement on an Alcohol, Tobacco and Firearms (ATF) form 4473 in violation of 18 U.S.C. sections 922(a)(6) and 924(a) and of receiving a firearm as a convicted felon in violation of 18 U.S.C. sections 922(g)(1) and 924(a). He raises two issues on appeal: the trial court's admission of the state court documents to prove that he was a convicted felon; and the trial court's instructions to the jury regarding the term "receipt."[1]
 
 
 2
 Parrish entered the Norcol Gun Shop, in Columbus, Ohio, on March 1, 1989, and identified himself with an Ohio identification card. He completed ATF form 4473 and certified that he was not prohibited because of a felony conviction from purchasing a gun. Mr. Dowis initialed the ATF form, which indicated that he was the transferor of the firearm. Dowis, who testified at trial, had no independent recollection of the sale, but did state that the individual who completed the ATF form was the purchaser of the firearm.
 
 
 3
 Several months after the firearm purchase, Parrish was questioned by ATF Special Agent Taylor. Parrish signed a sworn affidavit and gave a handwriting sample to Taylor. Parrish stated that he had entered the store with two friends, and that one friend, Victor Brooks, wished to purchase a gun but did not have sufficient identification. Brooks gave Parrish money to buy the gun. According to Parrish, the employee gave the gun to Brooks as soon as Parrish purchased it.
 
 
 4
 The handwriting expert was given Parrish's affidavit, his handwriting sample, a copy of his application for a state identification card, a copy of the state court record of conviction, which was signed by a "Donald Parrish," and the ATF form 4473. Parrish admitted to signing the ATF form, and, thus, the only unknown was the record of the state court conviction. Although the expert was asked to establish the author of the signature on the ATF form, not on the state court record, he did testify that all the items had been written by the same person. Even though the expert was not told to specifically compare the signature on the state court record with the other signatures, his testimony made it more likely that Parrish did sign the record of the state conviction. Thus, the trial court did not abuse its discretion in referring this issue to the jury. United States v. Phillips, 575 F.2d 97, 100 (6th Cir.1978).
 
 
 5
 The second count of the indictment charged Parrish with violating 18 U.S.C. sections 922(g)(1) and 924(a) when he "knowingly did receive a firearm." The trial court instructed the jury that the government had to prove that Parrish knowingly possessed the firearm, and instructed the jury on possession and constructive possession. The trial court correctly instructed the jury that proof of possession is equivalent to proof of receipt. United States v. Manni, 810 F.2d 80, 84 (6th Cir.1987). One cannot possess something without receiving it, either actually or constructively, and receipt may be proven circumstantially by possession. United States v. Craven, 478 F.2d 1329, 1336 (6th Cir.), cert. denied, 414 U.S. 866 (1973). Thus, the trial court's jury instructions regarding the term "receipt" correctly stated the law on the relationship between possession and receipt and did not deny Parrish a fair trial. Thus, the conviction and sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 Parrish had briefed a third issue regarding his sentence, but abandoned that issue at oral argument