978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Kent O. FARMER, Defendant-Appellant.
 No. 91-4158.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Kent Farmer appeals his sentence on the basis that certain factual findings required for appropriate sentencing were neither made pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure nor made by a preponderance of the evidence. For the following reasons, we affirm the sentence imposed by the district court.
 
 I.
 
 2
 Farmer and co-defendant Tyrone Tanks were involved in the attempted purchase of cocaine with a confidential informant working for Drug Enforcement Agency ("DEA") on June 20, 1991, at a hotel in Cincinnati, Ohio. Prior to any negotiations at the hotel, cameras and video equipment were installed in the hotel room occupied by the informant.
 
 
 3
 On June 19, 1991, Tanks and the informant met at the hotel and agreed to exchange twenty kilograms of cocaine for $12,500 a kilogram. Later that night, Farmer and Tanks met with the informant to explain that they were having some trouble coming up with the cash needed to purchase twenty kilograms and that they would like to postpone the purchase until the next day.
 
 
 4
 Early the next morning, Tanks telephoned the informant and stated that Farmer would meet the informant in approximately one hour with enough money to purchase the twenty kilograms. After the informant postponed the meeting time to later in the morning, Tanks arrived in the early afternoon with $20,000. Tanks stated to the informant that Farmer was still in the process of collecting the rest of the money. Shortly thereafter, Tanks left the motel leaving the $20,000 with the informant and indicating that he was going to meet an individual in order to pick up drug-related money.
 
 
 5
 Approximately thirty minutes later, Farmer arrived at the motel. During his meeting with the informant, Farmer indicated that they were waiting for a delivery of approximately $80,000 which would be needed to complete the cocaine transaction. Tanks then called Farmer. After a brief conversation with Tanks, Farmer stated to the informant that he was going to take the previously delivered $20,000 and leave the motel room in order to meet Tanks at another location. The pair were going to await future deliveries of monies which would be used to complete the cocaine transaction.
 
 
 6
 As Farmer was leaving with the $20,000, he was arrested. When he was arrested, a handgun was found on his person. A short time later, Tanks was arrested.
 
 
 7
 Pursuant to a plea agreement, Farmer pled guilty to a one-count information charging him with violations of 21 U.S.C. §§ 841(b)(1)(A) (1988 & Supp.1990) and 846 (1988), and 18 U.S.C. § 2 (1988).
 
 
 8
 At the sentencing hearing on November 27, 1991, Farmer's counsel objected to the Probation Officer's determination of the amount of cocaine attributable to Farmer. The officer's presentence report placed the amount at twenty kilograms of cocaine. Farmer argued that the amount should have been significantly less because Farmer and Tanks did not have the resources, nor the intent, to buy twenty kilograms from the DEA informant.
 
 
 9
 The district court, stating that it would set out its determination of Farmer's objection in its findings, then sentenced Farmer to 108 months. See J.A. at 48. This sentence was below the statutory minimum of 120 months due to the government's motion regarding Farmer's substantial assistance. In the judgment, the court stated: "[T]he Court adopts the factual findings and guideline application in the presentence report and based on a preponderance of the evidence the defendant's objections to the presentence report are denied." Id. at 8.
 
 
 10
 Farmer appeals the sentence determination.
 
 II.
 
 11
 Farmer first argues that the district court sentenced him without making a factual finding regarding the amount of cocaine attributable to Farmer, or a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 12
 When a defendant alleges any factual inaccuracy in the presentence investigation report, Rule 32(c)(3)(D) requires a court to make a finding as to the allegation or a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 13
 "Where 'allegations of inaccuracy [are] before the sentencing court' and that court 'fail[s] to make findings regarding the controverted matters or a determination that the disputed information [will] not be used in sentencing', resentencing is required." United States v. Manni, 810 F.2d 80, 83 (6th Cir.1987) (quoting United States v. Hamm, 786 F.2d 804, 808 (7th Cir.1986) (citation omitted)). The substantial evidence test applies to determine whether the district court has adequately complied with Rule 32(c)(3)(D). See Manni, 810 F.2d at 83.
 
 
 14
 The district court did state at sentencing that it would make its determination known when he makes his findings. J.A. at 48. In its written judgment, dated November 27, 1991, the court stated that it adopted the factual findings in the presentence report. Id. at 8. This statement satisfies the substantial evidence test requirements under Rule 32. See Manni, 810 F.2d at 83 (citing United States v. Ibarra, 737 F.2d 825 (9th Cir.1984)). In Ibarra, the Ninth Circuit noted: "[n]ew subdivision (c)(3)(D) does not impose an onerous burden. It does not even require the preparation of a transcript. As is now the practice in some courts, these findings and determinations can be simply entered on to a form which is [then] [sic] appended to the [presentence] report." Ibarra, 737 F.2d at 828 n. 2. This circuit has adopted the Ibarra "modest requirements" viewpoint. Manni, 810 F.2d at 84.
 
 
 15
 As a result, we conclude that the district court's adoption of the findings in the presentence report satisfies the requirements of Rule 32(c)(3)(D). Therefore, Farmer's first issue is without merit.
 
 III.
 
 16
 Farmer next argues that the amount of cocaine found attributable to him was not proven by a preponderance of the evidence, as required by law. United States v. Carroll, 893 F.2d 1502, 1506 (6th Cir.1990) (sentencing factors must be established by a preponderance of the evidence).
 
 
 17
 "When reviewing a District Court's application of the federal sentencing guidelines, an appellate court will reverse a factual finding of a trial court only upon a showing of clear error." United States v. Todd, 920 F.2d 399, 408 (6th Cir.1990); 18 U.S.C. § 3742(e)(1988).
 
 
 18
 Because the district court adopted the factual findings contained in the presentence report, those findings must be analyzed under the clear error analysis. The presentence report clearly indicates that Farmer knew that twenty kilograms were being negotiated. On June 19, 1991, "Tanks and Farmer explained to the informant that they were having some problems collecting the money to purchase the 20 kilograms of cocaine. They indicated that they wanted to postpone doing the cocaine transaction until the following day." Presentence Report, J.A. at 59. "On the following date, June 20, 1991, in the early morning, Tanks telephoned the confidential informant and stated that Kent Farmer would meet the informant in approximately one hour with enough money to purchase 20 kilograms of cocaine." Id. After the $20,000 was left by Tanks with the confidential informant on June 20, 1991, "Farmer indicated that they were waiting for a delivery of approximately $80,000 in United States currency which would be needed to complete the cocaine transaction." Id. at 60. It had been previously negotiated by Tanks that they would buy twenty kilograms at $12,500 a kilogram. Id. at 59.
 
 
 19
 Furthermore, the district court's review of the videotapes, and his recollection of the trial of Tanks provided the court with additional grounds for finding by a preponderance of the evidence that twenty kilograms was the negotiated amount, that Farmer and Tanks intended to buy that amount, and that they were reasonably capable of buying that amount. The videotapes showed that twenty kilograms was negotiated. The evidence at Tanks trial mirrored the findings in the presentence report.
 
 
 20
 Based on all these factors, the court's finding, by a preponderance of the evidence, that twenty kilograms was attributable to Farmer is not clearly erroneous.
 
 IV.
 
 21
 For the reasons stated, the district court's sentence is affirmed.