986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan FLORES, Defendant-Appellant.
 No. 92-3312.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1993.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant appeals the judgment of sentence entered on his guilty plea to distribution of marijuana and failure to appear for arraignment. For the following reasons, we VACATE and REMAND for resentencing.
 
 I.
 
 2
 Working out of Texas, defendant supplied marijuana to Jeff McElwain of Cincinnati, Ohio. Between May 13 and 14, 1991, defendant arranged for a courier to deliver 17 pounds of marijuana to McElwain's courier in Memphis, Tennessee. Memphis police intercepted the shipment, and defendant was arrested by DEA agents in Cincinnati when he attempted to accept payment for the shipment. After failing to appear for his arraignment, defendant was indicted on the second charge. He pled guilty to both charges and was sentenced to five years in prison for distributing marijuana, in violation of 21 U.S.C. § 841; and to one year in prison for failing to appear for arraignment, in violation of 18 U.S.C. § 3146(a)(1); to be served consecutively. This appeal followed.
 
 II.
 
 3
 Defendant contends that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D). Rule 32(c)(3)(D) provides in relevant part that:
 
 
 4
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 5
 In the presentence report (PSR), the probation officer recommended that defendant be sentenced to 63-78 months based on the quantity of marijuana defendant trafficked, his leadership role in the offense, his obstruction of justice in failing to appear at arraignment, and his failure to accept responsibility. Defendant contested each of these findings in a letter to the probation officer, and orally to the district court prior to sentencing.
 
 
 6
 The district court stated on the record that "no finding as [to] the controverted matter is necessary since the matter controverted has not been taken into account in sentencing." Notwithstanding this statement, it is apparent that the court implicitly accepted the presentence report's recommended guideline range which was calculated using the controverted sentencing factors. Further, the district court indicated in the judgment of conviction that it was accepting the factual findings and guideline application in the presentence report. Thus, it is clear that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D), making a remand for resentencing necessary. United States v. Edgecomb, 910 F.2d 1309, 1313 (6th Cir.1990); United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990); United States v. Manni, 810 F.2d 80, 83 (6th Cir.1987). On remand the district court is directed to make a finding as to each of the allegations controverted by defendant.
 
 
 7
 Defendant also argues that the district court impermissibly used hearsay statements to enhance his base offense level, in violation of his right to confrontation protected under the Sixth Amendment. Pursuant to our en banc opinion in United States v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc) (Sixth Amendment Confrontation Clause does not apply to sentencing hearings), we hold that the district court may consider this information if it concludes that it has "sufficient or minimally adequate" indicia of reliability. Id. at 1512, petition for cert. filed, (December 21, 1992) (No. 92-7041).
 
 III.
 
 8
 Flores' sentence is VACATED, and REMANDED to the district court for RESENTENCING in accordance with this opinion.