67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael ADAMS, Plaintiff-Appellant,
v.
Constance M. UPPER, Hearing Officer; Reginald A. Wilkinson,
Director; Margarette T. Ghee, Parole Board
Chairperson, Defendants-Appellees.
 No. 94-4235.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 1
 Before: NORRIS, SUHRHEINRICH and GIBSON,* Circuit Judges.
 
 ORDER
 
 2
 Michael Adams, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Adams sued several members of the Ohio Adult Parole Authority (APA) and the Director of the Ohio Department of Rehabilitation and Corrections contending that he was denied parole in violation of his due process and equal protection rights. In addition, Adams contends that the denial of parole also violated the Ex Post Facto Clause of the United States Constitution. Adams did not state in what capacity he sued the defendants. The defendants moved to dismiss the complaint which Adams opposed. The district court dismissed the complaint concluding that Adams had failed to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6). In his timely appeal, Adams continues to argue the merits of his complaint. Adams has also moved to supplement the record.
 
 
 4
 This court reviews the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court properly granted defendants' motion to dismiss because it appears beyond a doubt that Adams could prove no set of facts which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 5
 Initially, we note that because Adams failed to allege in his complaint in what capacity he was suing the defendants, they are considered as being sued in their official capacities. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). Therefore, the defendants are not subject to suit for monetary damages under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 6
 Adams is not entitled to injunctive relief. Adams argues that the APA did not adopt its guidelines in accordance with state law. Further, Adams argues that contrary to state law, one individual at the parole revocation was not an APA officer. Federal courts are without authority to direct state officials to conform their conduct to state law. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984). Thus, to the extent that Adams seeks injunctive relief because the defendants failed to comply with state law, the federal courts simply do not have the authority to grant the requested relief. Id.
 
 
 7
 Adams contends that the defendants should not have required him to undergo sex offender treatment as a condition of his parole as such treatment was not required as part of his previous releases. Ohio's parole statute does not create a liberty interest in parole. See Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235 (6th Cir.1991). The APA has the ability to deny parole for any permissible constitutional reason. Id. at 236. As the APA did not deny Adams parole due to an impermissible reason, requiring Adams to undergo sex offender counseling does not constitute a constitutional violation. Id.
 
 
 8
 To the extent that Adams contends that the APA has violated his equal protection rights, the APA's decision must be evaluated to determine whether it bears a rational relationship to a legitimate state purpose. See Nordlinger v. Hahn, 505 U.S. 1, 11 (1992). Requiring Adams to undergo sex offender treatment does further a legitimate state interest in protecting the public from future sex offenses.
 
 
 9
 Finally, Adams contends that the use of the APA guideline matrix after his conviction and two prior releases violates the Ex Post Facto Clause of the United States Constitution. However, parole guidelines that do not divest a parole board's discretion in granting parole do not qualify as ex post facto laws. See United States v. Manni, 810 F.2d 80, 84 (6th Cir.1987) (per curiam).
 
 
 10
 Accordingly, we deny the motion to supplement the record and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation