70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis L. VERTIN, Plaintiff-Appellant,
v.
Gary GABRY, Defendant-Appellee.
 No. 94-2267.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 Before: LIVELY, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Dennis L. Vertin, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and declaratory relief, Vertin sued the Director of the Michigan Parole Board, Gary Gabry, in his individual and official capacities. Vertin is serving a life sentence for first degree murder from a 1973 sentence. Vertin's sentence is nonparoleable and he would only be entitled to release pursuant to the commutation provisions contained in Mich.Comp.Laws Sec. 791.244. Vertin argued that the 1982 and 1992 amendments to the statute, which changed the sentence review process, violated the Ex Post Facto Clause of the United States Constitution. Vertin also argued that the parole guidelines created a liberty interest which the Parole Board violated.
 
 
 3
 The case was referred to a magistrate judge who concluded that the statutory amendments did not violate the Ex Post Facto Clause. However, the magistrate judge did conclude that the guidelines used mandatory language. Thus, the magistrate judge found that a liberty interest was created and Vertin was entitled to receive a recommendation of commutation. Upon de novo review, the district court concluded that the statutory amendments did not constitute an ex post facto violation. However, the district court found that the guidelines did not create a liberty interest. Therefore, the case was dismissed. In his timely appeal, Vertin continues to argue the merits of his complaint.
 
 
 4
 Although Gabry moved to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court considered matters outside the pleadings in rendering its judgment, and indeed granted summary judgment to the defendant in the final paragraph of its order. Thus, this court must construe the district court's order as granting summary judgment to Gabry. See Fugarino v. Hartford Life and Accident Ins. Co., 969 F.2d 178, 182 (6th Cir.1992), cert. denied, 113 S.Ct. 1401 (1993). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Michigan's computation guideline, PD-DWA-45.12, does not establish a liberty interest. As the district court properly noted, this court has held that Michigan's parole statutes and regulations do not create a constitutionally protected liberty interest. See Sweeton v. Brown, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc), cert. denied, 115 S.Ct. 1118 (1995). Further, the guideline explicitly states that a recommendation for commutation rests solely with the Parole Board and that the final decision of commutation rests solely with the governor. This broad discretionary language simply does not create a liberty interest. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989). The argument is without merit.
 
 
 6
 Finally, Vertin argues that the amendments to Michigan's parole statutes violate the Ex Post Facto Clause of the United States Constitution. However, because the amendments do not divest the Parole Board of its discretion in granting parole, the amendments do not qualify as ex post facto laws. See United States v. Manni, 810 F.2d 80, 84 (6th Cir.1987) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.