86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy H. ERIKSEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3915.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Leroy H. Eriksen appeals a district court judgment that denied a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Eriksen pleaded guilty to one count of tax evasion, a violation of 26 U.S.C. § 7201. On February 3, 1992, the district court sentenced him to 12 months and one day of imprisonment as well as a $75,000 fine. Eriksen did not file a direct appeal, and it appears that he has not begun service of his sentence.
 
 
 3
 In his § 2255 motion, Eriksen primarily alleged that the Internal Revenue Service ("IRS") was corrupt and that he "simply did not commit a crime." The district court construed the motion as raising two claims: 1) there was insufficient evidence of Eriksen's guilt; and 2) there was an insufficient factual basis for his guilty plea. The court denied the motion on June 23, 1995, and it is from this judgment that Eriksen now appeals.
 
 
 4
 We review the denial of a § 2255 motion de novo, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Eriksen to prevail, the record must reflect a fundamental defect in the proceedings that results in a complete miscarriage of justice or an egregious error that violates due process. See id. Even an error of constitutional dimensions may be considered to be harmless if it did not have a substantial and injurious effect or influence on the proceedings. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994).
 
 
 5
 Moreover, to obtain collateral relief, Eriksen must show cause and prejudice that would excuse his failure to raise his current claims on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Eriksen has not explained why he did not file a direct appeal, and his failure to make a sufficient showing regarding cause independently precludes review of his motion on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 
 
 6
 We note, nonetheless, that Eriksen has not shown the required prejudice. Tax evasion includes the following elements: 1) the existence of a tax deficiency; 2) willfulness; and 3) an affirmative act constituting evasion or attempted evasion of tax. United States v. Daniel, 956 F.2d 540, 542 (6th Cir.1992). The element of willfulness is satisfied if a defendant voluntarily and intentionally violates a known legal duty. Cheek v. United States, 498 U.S. 192, 201 (1991). Eriksen has waived any sufficiency of the evidence claim that he might have had regarding these elements by entering a constitutionally valid and unconditional guilty plea. See United States v. Manni, 810 F.2d 80, 84 (6th Cir.1987) (per curiam).
 
 
 7
 The district court was required to establish a factual basis for Eriksen's plea, pursuant to Fed.R.Crim.P. 11(f). Where a crime is easily understood, the factual basis for a plea may be established by a summary of the charges in the indictment and an admission by the defendant. United States v. Edgecomb, 910 F.2d 1309, 1313 (6th Cir.1990). The re-arraignment transcript shows that Eriksen plead guilty to count one of a superseding indictment in exchange for the dismissal of other charges. This count of the indictment is easily understood and it includes sufficient allegations to establish a factual basis for Eriksen's plea.
 
 
 8
 The district court's colloquy with Eriksen also indicates that there was a factual basis regarding the first and third elements of the offense, as Eriksen's statements show that he committed affirmative acts that caused a tax deficiency. Eriksen argues that his statements are ambiguous with regard to the remaining element of willfulness. However, the court was able to establish a factual basis for this element of the offense by relying on the following statement, which Eriksen's attorney made on his behalf:
 
 
 9
 MR. KROSIN: Your Honor, I have gone over this situation at great length with Mr. Eriksen and had numerous discussions with Mr. Siegel.
 
 
 10
 The defendant did or cause [sic] to be done certain acts which resulted in an underreporting of income to the government as alleged in count one, although, we don't stipulate the amount quoted in that count....
 
 
 11
 And I've gone over the evidence which was submitted to me by way of discovery by the government. It is my belief, which is shared by Mr. Eriksen, that certainly the government's evidence would convince a jury beyond a reasonable doubt that there were acts done willfully and intentionally to evade taxes.
 
 
 12
 Mr. Eriksen acknowledges doing those acts and acknowledges that as a result of those acts income was underreported. And he believes and I believe that the government would prove those acts sufficiently to convince a jury of a willful and intentional act on the part of Mr. Eriksen.
 
 
 13
 Eriksen did not object to his attorney's characterization of the facts. Instead, the comments that Eriksen made later in the proceedings show that he was in general agreement with his counsel.
 
 
 14
 We also note that the presentence investigation report included the following excerpt from a written statement that the defense had submitted to the probation office:
 
 
 15
 During the years in question I received income belonging to Southwind Aviation. Some of this income was deposited to bank accounts which were my personal accounts. I transferred significant portions of these funds to Southwind as needed for corporate purposes. The remainder stayed in my personal accounts. Some of the money was accounted for as repayment of loans by me to the corporation. As a result, both corporate income and personal income was understated in income tax returns.
 
 
 16
 This statement further establishes a factual basis for Eriksen's plea, even though it was not made at his re-arraignment. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992).
 
 
 17
 Eriksen now argues that the factual basis of his plea was undermined by a settlement that he reached with the IRS regarding his civil liability. This argument is unavailing because the settlement agreement indicates that Eriksen substantially underpaid his income taxes for 1983, even though the settlement figure was less than the amount that had been charged in the superseding indictment. See United States v. Davenport, 824 F.2d 1511, 1517 (7th Cir.1987). Moreover, the agreement plainly indicates that Eriksen's taxes were underpaid because of fraud.
 
 
 18
 Finally, Eriksen argues that he was entitled to an evidentiary hearing on his motion. The district court did not abuse its discretion by not holding a hearing in this case, as the existing record was adequate to resolve Eriksen's claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 19
 Accordingly, the district court's judgment is affirmed.