IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 91-8467
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

SALVADOR GALVAN-REVUELTA,
a/k/a SALVADOR REVUELTA-GALVAN,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
_____
(March 27, 1992)

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

      Sylvester Galvan-Revuelta pleaded guilty to unlicensed export of munitions and was sentenced accordingly.  He appeals his sentence, arguing that the district court applied the wrong sentencing guideline.  For the reasons set forth below, we affirm.

                                    I

      On April 11, 1991, United States Customs Service agents received information from a confidential informant that two individuals had purchased a large quantity of ammunition at a hardware store in El Paso, Texas, and were planning to smuggle it into Mexico.  The information included a description of the vehicle

being used by the two individuals.  The Customs agents located the vehicle and placed it under surveillance.  When the appellant, Sylvester Galvan-Revuelta, attempted to drive it across the border, Customs agents stopped and searched the vehicle, finding 10,181 cartridges of various caliber firearms ammunition.  The United States charged the appellant with exporting defense articles in violation of 22 U.S.C. § 2778(b)(1)(A)[1].  The appellant pleaded guilty.

II

At sentencing on May 28, 1991, the appellant objected to the recommendation in the presentencing report that United States Sentencing Commission Guidelines Manual, § 2M5.2 (1991) (hereinafter U.S.S.G. § 2M5.2) is the offense guideline most applicable to his offense conduct.  That guideline establishes a base offense level of 22 and applies to offenses involving the exportation of arms, munitions, or military equipment or services without an export license.  The appellant argued that the most applicable offense guideline is U.S.S.G. § 2K2.1 (November 1, 1990), which establishes a base offense level of six and applies to offenses involving unlawful receipt, possession, or transportation

---

[1]"As prescribed in regulations issued under this section, every person . . . who engages in the business of manufacturing, exporting, or importing any defense articles . . . designated by the President under subsection (a)(1) of this section shall register . . . and shall pay a registration fee . . .."  22 U.S.C. § 2278.

of firearms or ammunition.  The district court overruled the objection.  The appellant now challenges that ruling.

## III

### A

On appeal, Galvan-Revuelta argues that the district court erred in applying U.S.S.G. § 2M5.2 and reiterates his argument that the sentencing commission intended that section to apply only to situations "involving <u>serious</u> military or space hardware," not firearms ammunition.  For this conclusion, the appellant relies on the following language contained in an application note to that section:  "The items subject to control constitute the United States Munitions List, which is set out in 22 C.F.R. Part 121.1. Included in this list are such things as military aircraft, helicopters, artillery, shells, missiles, rockets, bombs, vessels of war, explosives, military and space electronics, and certain firearms."  U.S.S.G. § 2M5.2, application note 1.  The appellant points out the absence of any mention of ammunition in that section and notes that U.S.S.G. § 2K2.1 (November 1, 1990), on the other hand, expressly addresses offenses involving the transportation of ammunition.

### B

The appellant's contention is a challenge to the court's application of the sentencing guidelines and, as such, is reviewed de novo.  <u>See</u> <u>U.S. v. Otero</u>, 868 F.2d 1412, 1414 (5th Cir. 1989). Having reviewed the charge against Galvan-Revuelta, the sentencing

guideline applied by the district court, the guideline urged by the appellant and the record in this case, we conclude that the appellant's contention is untenable for two reasons.

First, the language of U.S.S.G. § 2M5.2 unmistakably reveals that the Commission intended for it to apply to the export of ammunition.  The application note states:  "Under 22 U.S.C. § 2778, the President is authorized . . . to control exports of defense articles . . .. <u>The items subject to control constitute the United States Munitions List, which is set out in  22 C.F.R. Part 121.1</u>."  U.S.S.G. § 2M5.2, application note 1 [emphasis ours].[2]   No reasonable reading of the application note yields the conclusion that the scope of that section is limited to sentencing for unlicensed export of only the enumerated items rather than all of the items contained on the Munitions List.  Furthermore, the application note does specifically mention "certain firearms," which are defined in the Munitions List to include, *inter alia*, revolvers, pistols, and rifles up to .50 caliber.[3]  These items no

---

[2]The United States Munitions List, 22 C.F.R. Part 121.1, specifically lists:
CATEGORY III--AMMUNITION
(a) Ammunition for the arms in Category I . . . of this section.  [Nonautomatic, semi-automatic, and fully automatic firearms to caliber .50].
<u>Id.</u>  Part 121.9 specifies that "Category I includes revolvers, pistols, rifles, carbines, [etc.] to caliber .50."  <u>Id.</u>  The ammunition discovered in the vehicle driven by Galvan-Revuelta was rifle or pistol (i.e., "firearms") ammunition of less than .50 caliber.  It was, therefore, on the United States Munitions List and within the contemplated application of section 2M5.2.

[3]<u>See</u> 22 C.F.R., Parts 121.1, 121.9.

more constitute "serious military or space hardware" than does the ammunition that goes in them.

Second, the statutory index of the guidelines, U.S.S.G. App. A, lists U.S.S.G. § 2M5.2 as the only offense guideline applicable to convictions under 22 U.S.C. § 2778. Accordingly, the Sentencing Commission intended for the courts to use that guideline unless the particular offense conduct renders the conviction an "atypical case" in light of the statute. U.S.S.G. App. A, intro. comment; see U.S. v. Beard, 913 F.2d 193, 197-98 & n.2 (5th Cir. 1990).

The appellant's case is not atypical on the ground that it involved only ammunition. As explained above, offenses involving ammunition are not excepted from the scope of U.S.S.G. § 2M5.2. Furthermore, to the extent that the appellant is arguing that his offense conduct was atypically minor in the light of the national security objectives of the statute, the argument still fails. The Commission established the base offense level of U.S.S.G. § 2M5.2 with the assumption that, in the usual case, the offense conduct will be "harmful or ha[ve] the potential to be harmful to a security or foreign policy interest of the United States." U.S.S.G. § 2M5.2, application note 1. However, the application note further provides that "[i]n the unusual case where the offense conduct pose[s] no such risk, a downward departure may be warranted." Id. In the instant case, the district court found that the appellant's offense conduct posed no national security risk. In accordance with U.S.S.G. § 2M5.2, the district court

departed downward from the applicable guideline range of 33-41 months and imposed instead a prison term of 24 months.

In sum, the district court correctly determined that U.S.S.G. § 2M5.2, and not U.S.S.G. § 2K2.1, is the guideline most applicable to the appellant's offense conduct.  The sentence imposed by the district court is

A F F I R M E D.