**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 91-8581
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

ROBERT BRUCE THOMAS,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas

---

( June 2, 1992)

Before POLITZ, Chief Judge, SMITH and WIENER, Circuit Judges.

POLITZ, Chief Judge:

Having pleaded guilty to possession with intent to distribute marihuana, 21 U.S.C. § 841(a)(1), and money-laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i), 2, and sentenced to concurrent 72-month and 60-month terms followed by three years supervised release, Robert Bruce Thomas appeals his sentence, contending that the district court erred in calculating his base offense level and by refusing to decrease his offense level for minor or minimal participation.

Finding no error, we affirm.

## Background

Thomas was charged in three counts of a 44-count indictment involving 29 defendants accused of operating an international drug ring. Pursuant to a plea agreement he entered guilty pleas to possession with intent to distribute marihuana and money-laundering. The charges were based on his involvement in a 45-kilogram marihuana transaction. The presentence report recommended, however, that Thomas's sentencing level be calculated using the 150 kilograms of cocaine equivalency attributed to the full conspiracy. Thomas objected and argued at the sentencing hearing that his involvement was limited to the single marihuana transaction and was minimal or minor. U.S.S.G. § 3B1.2. The court granted a two-point reduction for acceptance of responsibility but declined to decrease the offense level for minor or minimal participation. The court found that Thomas was an average participant. Refusing to impute the entire drug ring volume to Thomas, the court estimated that the amount of drug activity reasonably foreseeable by Thomas was double the amount of his 45-kilogram marihuana transaction, thus placing him at the level of 80 to 100 kilograms of marihuana. He was sentenced accordingly and timely appealed.

## Analysis

Thomas's challenge to the district court's application of the sentencing guidelines is reviewed *de novo*. **United States v. Glavan-Revuelta**, 958 F.2d 66 (5th Cir. 1992). The court's factual findings in sentencing are reviewed under the clearly erroneous standard. **United States v. Lokey**, 945 F.2d 825 (5th Cir. 1991). Our review requires that we determine from the record whether the sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is outside the applicable guideline range. . . ." 18 U.S.C. § 3742(e).

Thomas maintains that his base offense level should be determined including only the amount involved in the single transaction for which he pleaded guilty. In controlled substance convictions, however, the sentence is based not only on the amount involved in the offense for which the defendant was convicted, but also on the contraband involved in "acts . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Conspirators may be sentenced on the basis of the conduct of coconspirators taken in furtherance of the conspiracy if that conduct was known or reasonably foreseeable. U.S.S.G. § 1B1.3 comment (n.1). The sentencing court is to make an approximation of the controlled substance reasonably foreseeable by the defendant. See U.S.S.G. § 2D1.4 comment (n.2); **United States v. Puma**, 937 F.2d 151 (5th

3

Cir. 1991), cert. denied, 112 S.Ct. 1165 (1992).[1]  In arriving at this estimate the court may consider any information that has "sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3, p.s.; **United States v. Angulo**, 927 F.2d 202 (5th Cir. 1991); see also **United States v. Singleton**, 946 F.2d 23 (5th Cir. 1991), cert. denied, 112 S.Ct. 1231 (1992) (hearsay expressly sanctioned).

The court a` quo considered the factual resume of the guilty plea and the presentence report.  Drug trade ledgers reflect that Thomas was assigned a code number and had bought substantial quantities of cocaine over a period of time.  Regarding the money-laundering count, Thomas used the $20,000 he received to purchase more marihuana.  The district court's quantitative finding in the instant case is not clearly erroneous.  We previously have observed that an individual dealing in a sizable amount of controlled substances ordinarily would be presumed to recognize that the drug organization with which he deals extends beyond his universe of involvement.  **United States v. Devine**, 934 F.2d 1325 (5th Cir. 1991).

Thomas also contends that he is entitled to a decrease in his offense level computation for his minor or minimal participation in

---

[1]     Section 2D1.1 is the guideline applicable to Thomas's conviction under 21 U.S.C. § 841(a).  The comments to this section direct that "[i]f the amount seized does not reflect the scale of the offense, see Application Note 2 of the Commentary to § 2D1.4." U.S.S.G. § 2D1.1 comment (n.12).  See **United States v. Angulo**, 927 F.2d 202 (5th Cir. 1991) (outlining the application of the guideline provisions).

the conspiracy because the volume of controlled substance attributed to him was a small fraction of the operation's total drug trade and because others with whom he worked had more active roles. See U.S.S.G. § 3B1.2. A minimal participant is "plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2 comment (n.1). "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 comment (n.3). Even if other codefendants were more culpable, that does not automatically qualify Thomas for either minor or minimal status. Each participant must be separately assessed. See **United States v. Mueller**, 902 F.2d 336 (5th Cir. 1990). A defendant's participation is not minor unless he is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 comment (n.3).

We are not persuaded that either classification applies to Thomas. He had been selling large amounts of controlled substances to the conspiracy leader for several years and regularly appeared on the drug-trade ledgers along with the other distributors. The record contains ample support for the court's factual finding that Thomas was an average participant. We will not disturb that finding.

For the reasons assigned, the decision of the district court is AFFIRMED.