IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30331
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

MIGUEL GARCIA,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. CR-94-250-T
- - - - - - - - - -
September 30, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Miguel Garcia appeals his conviction of possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute.  He contends that the district court erred by denying his motion to suppress; that the district court erred by adjusting his offense level for possession of a firearm; and that the district court erred by attributing 12.869 kilograms of cocaine to him.

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

First, Bernardo Garcia's authority to consent to the search of the apartment where he and Miguel Garcia resided extended to Miguel Garcia's bedroom.  Miguel Garcia did not limit Bernardo Garcia's access to the bedroom in such a way as to diminish his control over the premises.  *United States v. Richard*, 994 F.2d 244, 250 (5th Cir. 1993).

Second, is it not clearly improbable that the pistol found in Miguel Garcia's bedroom was used in connection with trafficking in the large amounts of cocaine seized from the apartment or in the parking lot.  The firearm adjustment was not clearly erroneous.  *United States v. Castillo*, 77 F.3d 1480, 1488 (5th Cir. 1996).

Third, the evidence indicated that Miguel Garcia could reasonably have foreseen the cocaine delivered to Bernardo Garcia in the parking lot.  The finding that Miguel Garcia was responsible for 12.869 kilograms of cocaine was not clearly erroneous.  *United States v. Thomas*, 963 F.2d 63, 64-65 (5th Cir. 1992).

AFFIRMED.