IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40651
Summary Calendar
_____

UNITED STATES of AMERICA,

                                        Plaintiff-Appellee,

versus

ROLANDO AGUIRRE-CAVAZOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-97-M-314-03
--------------------
July 11, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

    The defendant, Rolando Aguirre-Cavazos ("Aguirre"), pleaded guilty to conspiracy to possess with intent to distribute marijuana.  In accordance with a plea agreement, the district court sentenced him to 18 months' imprisonment, the lowest sentence within the guidelines range.  Aguirre appeals the district court's denial of a mitigating-role reduction under U.S.S.G. § 3B1.2, contending that he was a minor or minimal participant and should have been imprisoned for 12 rather than 18 months.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his objection to the Presentence Report ("PSR"), Aguirre asserted that he should receive at least a two-point reduction as a minor participant. He contends that his role and that of codefendant Felix Garza-Garza ("Garza") were identical so that it was clear error to refuse him a mitigating role reduction when Garza received a four-point reduction for being a minimal participant. Aguirre also argues that codefendant Claudia Garcia-Gonzalez was "higher up the chain of the smuggling ring" than was Aguirre and that she "was paid twice as much for her participation" as was Aguirre.

This court reviews the sentencing court's application of the sentencing guidelines de novo and accepts the sentencing court's findings of fact unless they are clearly erroneous. United States v. Gallardo-Trapero, 185 F.3d 307, 323 (5th Cir. 1999), cert. denied, 120 S. Ct. 961 (2000). The sentencing court's determination that a defendant did not play a minor or minimal role in the offense is reviewed for clear error. United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994). A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole. United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998), cert. denied, 525 U.S. 1003 (1998). The defendant has the burden of proving his mitigating role by a preponderance of the evidence. Zuniga, 18 F.3d at 1261.

A disparity of sentences among codefendants is not grounds for reversal. United States v. Castillo-Roman, 774 F.2d 1280, 1283 (5th Cir.1985) (defendant cannot rely upon sentence received by other defendant as yardstick for sentence he should receive).

The fact that a defendant is a "mere" drug courier does not alone justify a mitigating-role reduction. United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Neither does the fact that other codefendants were more culpable, because each defendant must be assessed separately. United States v. Atanda, 60 F.3d 196, 198, n.1 (5th Cir. 1995); United States v. Thomas, 963 F.2d 63, 65 (5th Cir. 1992).

Although Aguirre has asserted that the Government agreed that he was a minor or minimal participant, neither the PSR nor the plea agreement indicate that Aguirre was entitled to a mitigating-role reduction. No agreement to reduce the offense level was consummated, and the Government did not seek an offense-level reduction or move for a downward departure. Aguirre produced no evidence at the sentencing hearing that would support his request for a mitigating-role reduction. He thus failed to carry his burden of proving by a preponderance of the evidence that he was entitled to a mitigating-role reduction.

The district court's decision to deny the request for a mitigating-role reduction was not clearly erroneous. The judgment of the district court is AFFIRMED.