# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

No. 10-10364
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO FLORES,

Defendant-Appellant

Cons. w/No. 10-10366

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISIDRO LOZANO,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC 4:09-CR-160-7
USDC 4:09-CR-160-8

No. 10-10364
c/w No. 10-10366

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Eduardo Flores and Isidro Lozano appeal the sentences imposed following their guilty pleas to conspiracy to smuggle goods from the United States, in violation of 18 U.S.C. §§ 371, 554. Flores was sentenced within the Guidelines to 57 months of imprisonment, and Lozano was sentenced below the Guidelines to 36 months of imprisonment.

According to their stipulated factual resumes, Flores and Lozano conspired to export firearms and ammunition from the United States to Mexico. Specifically, both Flores and Lozano stipulated that Lozano received, through Flores's arrangements, six Colt carbine rifles, a Colt .38 super pistol, 200 pistol magazines, and 25 AR-15 magazines. Both Flores and Lozano further admitted that the weapons were designated as prohibited items on the United States Munitions List (USML).

The appellants now argue that the district court erred in including firearm magazines in determining their base offense level under U.S.S.G. § 2M5.2(a)(1) because magazines are not included on the USML. They contend that, as a result, less than ten, non-fully automatic weapons were involved in the offense, thereby making them eligible for a reduced base offense level under § 2M5.2(a)(2). In addition, Flores argues that his sentence is unreasonable because the district court failed to consider his medical condition when determining his sentence.

Ordinarily, we review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). However, if a defendant does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preserve an issue for review in the district court, review of the issue is for plain error. *See United States v. Price,* 516 F.3d 285, 286-87 (5th Cir. 2008). To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction. *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000).

Neither Flores nor Lozano argued in the district court, as they do now, that the magazines should not have been included in determining the base offense level under § 2M5.2, because magazines are not listed on the USML. Thus, we review this issue for plain error. *See id.* To prevail on plain-error review, the appellants must show that an error occurred, that the error was clear or obvious, and that the error affected their substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

We note that there is no clear authority in this circuit on whether empty firearm magazines are components for purposes of determining a defendant's base offense level under § 2M.5.2. *See, e.g., United States v. Galvan-Revuelta*, 958 F.2d 66, 69 (5th Cir. 1992) (discussing application of §2M5.2 to offenses involving only ammunition); *United States v. Nissen*, 928 F.3d 690, 695 (5th Cir. 1991) (finding no error in district court's determining that the exportation of a heater designed for the F-4 Phantom aircraft warranted the application of a higher base offense level under § 2M5.2, because although not "sophisticated weaponry," the heater was designed for "sophisticated weaponry"). Thus, because there is no clear authority in this circuit, any error by the district court in including the magazines and applying the base offense level provided by § 2M5.2(a)(1), was not clear or obvious. *See United States v. Potts*, ___ F.3d ___, No. 10-10257, 2011 WL 2347687 at **2-3 (5th Cir. June 15, 2011). Accordingly, Flores and Lozano cannot demonstrate that the district court's application of § 2M5.2 was plain error. *See Puckett*, 129 S. Ct. at 1429.

No. 10-10364
c/w No. 10-10366

As for Flores's claim that his sentence is unreasonable, Flores did not object to the reasonableness of his sentence in the district court. Thus, as he recognizes, review is for plain error. *See id.* at 1428-29; *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

To rebut the presumption of reasonableness that attaches to his within-guidelines sentence, Flores must show that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Flores has failed to do so. The record reflects that in determining Flores's sentence, the district court considered, among other things, Flores's sentencing memorandum and Flores's testimony regarding his physical impairments. Flores's disagreement with the propriety of the sentence imposed and with the district court's implicit weighing of the sentencing factors does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The judgments of the district court are AFFIRMED.