**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4042**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

  v.

EMENIKE CHARLES NWANKWOALA,

    Defendant-Appellant.

On appeal from the United States District Court for the District
of Maryland, at Greenbelt. Peter J. Messitte, District Judge.
(8:10-cr-00179-PJM-1)

Argued:  March 21, 2012    Decided:  April 25, 2012

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam decision.

**ARGUED:** Brett J. Cook, BRENNAN, SULLIVAN & MCKENNA, LLP,
Greenbelt, Maryland, for Appellant.  Christen Anne Sproule,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.  **ON BRIEF:** John M. McKenna, BRENNAN, SULLIVAN &
MCKENNA, LLP, Greenbelt, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emenike Charles Nwankwoala pled guilty to three offenses arising out of his unlawful export of firearms and ammunition to Nigeria. The district court sentenced Nwankwoala to 37 months' imprisonment. Nwankwoala appeals his sentence, contending that it is procedurally and substantively unreasonable because the district court used an improper base offense level when calculating his recommended Guidelines range. Finding no error, we affirm.

I.

The facts are not in dispute. Over a period of approximately ten years, Nwankwoala, who was then a United States probation officer, unlawfully exported firearms and ammunition from Maryland to Nigeria. Nwankwoala was charged with, and pled guilty to, exportation of arms without a license, in violation of 22 U.S.C. § 2278(b) and (c) ("Count I"); exportation of controlled goods without a license, in violation of 50 U.S.C. §§ 1702, 1705(c), and 50 U.S.C. App. § 2410(a) ("Count II"); and willful delivery of a firearm to a common

2

carrier without written notice, in violation of 18 U.S.C. § 922(e) ("Count III").[1]

Noting that Nwankwoala and the Government disagreed as to the base offense level for Count I, Nwankwoala's written plea agreement reserved his right to appeal any sentence exceeding a United States Sentencing Guidelines ("U.S.S.G.") range resulting from an adjusted base offense level of 13.

Count I alleged a violation of the Arms Export Control Act ("AECA"), which, inter alia, prohibits individuals from exporting items listed on the State Department's Munitions List without a license. The factual basis for Count I was Nwankwoala's export of six handguns and 1,180 rounds of ammunition, both of which are listed on the Munitions List. The provision of the Guidelines for violations of the AECA is § 2M5.2. The applicable version of § 2M5.2 sets the base offense level for violations of the AECA at:

> (1) 26, except as provided in subdivision (2) below;
> (2) 14, if the offense involved only non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed ten.

U.S.S.G. § 2M5.2(a) (2009 ed.) (emphasis added).

---

[1] Nwankwoala does not challenge any of his convictions, nor does he challenge his sentence as to Counts II and III. The opinion thus focuses on the facts relating to Nwankwoala's sentence for Count I.

At his sentencing hearing, Nwankwoala maintained that his offense qualified for subdivision (2)'s lower offense level because he had exported six handguns, thus satisfying the provision's numeric and firearm-type requirements. He contended the export of ammunition should not be used to classify his offense under the higher offense level in subdivision (1). The district court considered, but rejected, Nwankwoala's argument relying both on the plain language of § 2M5.2 and several out-of-circuit opinions that had held the export of ammunition categorizes the offense under the higher offense level stated in subdivision (1).

Accordingly, the district court set Nwankwoala's base offense level at 26. After application of a net five-level downward departure, Nwankwoala's adjusted offense level of 21, when combined with a criminal history category of I, yielded an advisory Guidelines range of 37-45 months' imprisonment. The district court then heard and considered the parties' arguments as to what an appropriate sentence would be under the 18 U.S.C. § 3553(a) factors, and sentenced Nwankwoala to the low end of the Guidelines range: 37 months' imprisonment.

Nwankwoala noted a timely appeal, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review Nwankwoala's sentence under a deferential abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007)(Appellate courts must review the procedural and "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."). We are required to consider first "whether the district court committed a significant procedural error in imposing the sentence under § 3553. If no procedural error was committed, [we] can only vacate a sentence if it was substantively unreasonable in light of all relevant facts." United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009) (citing United States v. Curry, 523 F.3d 436, 439 (4th Cir. 2008)). Improperly calculating the Guidelines range is a significant procedural error. Gall, 552 U.S. at 51.

Although Nwankwoala challenges both the procedural and substantive reasonableness of his sentence, his arguments as to each rely on his belief that the district court erred in using a base offense level of 26 rather than 14. He offers several arguments to support that assertion. He contends, for example, that the plain language of § 2M5.2 supports his position because his sole firearm export was of less than ten non-fully automatic small arms (as set forth in subdivision (2)), and the ammunition should not count in that assessment. He also claims the district court's understanding of § 2M5.2 is fundamentally

5

unfair and leads to an "absurd outcome[]" because the export of a single round of ammunition would qualify for the same, higher, offense level as the unlawful export of more sophisticated weaponry contained on the Munitions List, such as "military tanks, helicopters[,] and vessels of war." (Appellant's Opening Br. 11, 12.) As such, he asserts the Sentencing Commission either inadvertently failed to include ammunition in the list of subdivision (2) less serious offenses under the AECA, or that the Sentencing Commission abdicated its "characteristic institutional role" by not doing so. Nwankwoala also points to the 2011 amendment of § 2M5.2, which he contends contained both substantive and clarifying components, including a clarification that ammunition was always meant to be included in the list of exports that qualify for subdivision (2)'s lesser offense level.[2] For all of these reasons, Nwankwoala contends the district court should have used a base offense level of 14.

We disagree. Nwankwoala's interpretation of § 2M5.2 is inconsistent with the obvious plain language of the Guideline provision. The lesser offense level in subdivision (2) applies "if the offense involved only non-fully automatic small arms

---

[2] Nwankwoala does not suggest that the 2011 amendment applies retroactively, but rather that it stands for the principle that the Sentencing Commission recognizes the export of ammunition as a less serious violation of the AECA.

(rifles, handguns, or shotguns), and the number of weapons did not exceed ten." (Emphasis added.) Section 2M5.2 is the applicable Guidelines provision for violations of the AECA, and Application Note 1 to § 2M5.2 references the export of articles contained on the Munitions List. Ammunition is on the Munitions List, and exporting it without a license violates the AECA. Therefore, Nwankwoala's AECA offense did not involve "only" the six firearms he exported; it also involved 1,180 rounds of ammunition.[3] Nwankwoala's "self-serving" opinion regarding "the 'seriousness' of his crime is of absolutely no import because it is irrelevant under the plain language of [§ 2M5.2]." See United States v. Reyes, 270 F.3d 1158, 1171 (7th Cir. 2001) (rejecting a similar argument under a prior version of § 2M5.2). As such, the district court properly used the base offense level of 26 when calculating Nwankwoala's recommended Guidelines range.

Unsurprisingly, this straightforward application of the Guidelines' plain language has been adopted by every Circuit Court of Appeals to consider the issue. United States v. Sero, 520 F.3d 187, 190 (2d Cir. 2008) (per curiam) ("Because the language of [§ 2M5.2] is clear, our inquiry ends. We find that

_____

[3] Despite arguing for a different result, Nwankwoala has never challenged that his offense involved both firearms and ammunition.

7

the guideline does not permit finding an exception for [exports] including ammunition, no matter how small the quantity."); United States v. Muthana, 60 F.3d 1217, 1223-24 (7th Cir. 1995) (holding the higher, subdivision (1) offense level applies to violations of the AECA involving ammunition even if the offense involves only ammunition); see also United States v. Carper, 659 F.3d 923, 925 (9th Cir. 2011) (strictly applying subdivision (2) and holding it did not apply to the unlawful export of night sighting equipment); United States v. Galvan-Revuelta, 958 F.2d 66, 68-69 (5th Cir. 1992) (holding § 2M5.2 applies to offenses involving unlawful export of ammunition under the AECA, but not discussing which subdivision applies).

We also note that the 2011 amendment to § 2M5.2 does not alter any of our analysis. Under the amended provision, the base offense level is:

> (1) 26, except as provided in subdivision (2) below;
> (2) 14, if the offense involved only (A) non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed two, (B) ammunition for non-fully automatic small arms, and the number of rounds did not exceed 500, or (C) both.

U.S.S.G. § 2M5.2(a) (2011 ed.). Neither party contends the amended Guideline provision should be used in Nwankwoala's sentencing, nor should it. Instead, Nwankwoala contends the

8

amendment contains a clarifying component that indicates ammunition was always intended to be part of the lesser offense level set forth in subdivision (2). See U.S.S.G. § 1B1.11(b)(2) ("[I]f a court applies an earlier edition of the Guidelines manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes."). There is no merit to Nwankwoala's position. The amendment is substantive, not clarifying. Nothing in reducing the number of non-fully automatic small arms or adding the export of less than 500 rounds of ammunition (or including the export of both) to subdivision (2)'s scope supports Nwankwoala's assertion that it constituted a sweeping clarification that the export of any amount of ammunition is a less serious offense that qualifies for the lesser offense level in the earlier version of § 2M5.2.[4]

---

[4] And, indeed, the amendment cuts against Nwankwoala's argument that his offense should not be considered serious enough to fall under subdivision (1)'s scope. Nwankwoala's offense would not be eligible for the lesser offense level even under the 2011 amendments because it involved six non-fully automatic small arms (more than two) and 1,180 rounds of ammunition (more than 500). Moreover, in amending § 2M5.2, the Sentencing Commission specifically "determined that, as with export offenses involving more than two [non-fully automatic small] firearms, export offenses involving more than 500 rounds of ammunition are more serious and more likely to involve trafficking," and thus deserving of the higher, subdivision (1), offense level. See U.S.S.G. app. C, Amendment 753, at 404 (2011) (Commentary to § 2M5.2).

For these reasons, the district court did not err in using a base offense level of 26. Because the district court accurately calculated the Guidelines range, we now turn to Nwankwoala's assertion that his sentence is substantively unreasonable. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." See United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).[5] As noted, Nwankwoala's substantive reasonableness argument is limited to his assertion that it was somehow unfair to use the base offense level of 26 in calculating his recommended Guideline range, and that error led to an artificially inflated Guidelines range on which the district court based its § 3553(a) analysis. Because his procedural reasonableness argument lacks merit, so does his substantive reasonableness argument. The record makes clear that the district court's sentencing decision

---

[5] We typically afford within-Guidelines sentences a presumption of reasonableness. Relying on language from Kimbrough v. United States, 552 U.S. 85 (2007), Nwankwoala asserts a presumption of reasonableness should not apply to his sentence because the Sentencing Commission's two-tier approach in § 2M5.2 does "not exemplify the Commission's exercise of its characteristic institutional role" by "tak[ing] account of 'empirical data and national experience.'" See id. at 109. We need not decide this question because the record makes clear that Nwankwoala's sentence is substantively reasonable, even without the presumption of reasonableness.

reflected a thorough, individualized assessment of Nwankwoala's circumstances, in light of the § 3553(a) factors. Accordingly, his sentence is substantively reasonable.

                                III.

       For the foregoing reasons, we affirm the judgment of the district court.


                                                    AFFIRMED