# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 17-40895

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EFRAIN GONZALEZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2018

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

Before REAVLEY, ELROD, HIGGINSON, Circuit Judges.

PER CURIAM:

Efrain Gonzalez was convicted by a jury for conspiracy to distribute more than five kilograms of cocaine and sentenced to 136-months imprisonment. On appeal, Gonzalez challenges the sufficiency of the evidence for both his involvement in the conspiracy and the quantity of cocaine attributable to him, as well as the sentence imposed. We AFFIRM the district court on all issues.

I.

Gonzalez, a citizen of El Salvador illegally in the United States, was indicted pursuant to a Drug Enforcement Agency (DEA) investigation into a large-scale cocaine distribution network responsible for moving cocaine between Mexico and the United States.

No. 17-40895

As part of that investigation, the DEA determined that an individual named Laura Perez-Tinajero was one of the network's key distributers, and it established camera surveillance on her home in Dallas. An individual named Wilfredo Reyes, from New York, was a regular customer of Perez-Tinajero, who on multiple occasions drove a tractor-trailer to Perez-Tinajero's home in Dallas to purchase cocaine, which he then transported back to New York for resale. In April 2015, the cameras emplaced by the DEA outside Perez-Tinajero's home filmed Gonzalez, also from New York, accompanying Reyes into one such meeting. After Reyes and Gonzalez departed the home, a traffic stop by local police discovered approximately three kilograms of cocaine hidden in a concealed compartment of the tractor-trailer, and both men were arrested. In total, eighteen individuals were indicted in connection with the investigation, though only Gonzalez and one other individual went to trial.

At Gonzalez's trial, Perez-Tinajero testified that Gonzalez was involved in the transaction to purchase cocaine at her residence, and that he had urged her to "front" (i.e. loan on consignment) Reyes and himself the third kilogram of cocaine—in addition to the two kilograms that they purchased with $56,000 in cash. The government also produced evidence that Perez-Tinjero's hub of the conspiracy in Dallas was responsible for distributing at least 450 kilograms of cocaine. Gonzalez's motion for a judgment of acquittal was denied. The jury found beyond a reasonable doubt that Gonzalez was guilty of conspiracy to possess cocaine with the intent to distribute. The jury also found beyond a reasonable doubt that Gonzalez was directly involved with, or should reasonably have foreseen that the conspiracy involved, five or more kilograms of cocaine. The mandatory minimum for a crime involving five or more kilograms of cocaine is 10-years imprisonment, and the Sentencing Guidelines range for Gonzalez was 121 to 151 months. 21 U.S.C. § 841(b)(1)(A)(ii). The

No. 17-40895

district court sentenced him to 136-months imprisonment and five years of supervised release.  Gonzalez timely appeals.

II.

"[A] defendant seeking reversal on the basis of insufficient evidence swims upstream." *United States v. Mulderig*, 120 F.3d 534, 546 (5th Cir. 1997). When a criminal appellant has previously moved for a judgment of acquittal, we review challenges to the sufficiency of evidence *de novo*, but view the evidence "in the light most favorable to the verdict[.]" *United States v. Hale*, 685 F.3d 522, 543 (5th Cir. 2012).  A conviction may not rest on "mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011) (quoting *United States v. Rojas Alvarez*, 451 F.3d 320, 333 (5th Cir. 2006)).  However, a conviction will be affirmed if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

We review a district court's sentencing decision to ensure there was "no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court's factual finding of a drug quantity relevant to Guidelines sentencing is reviewed for clear error. *United States v. Kelley*, 140 F.3d 596, 609 (5th Cir. 1998).  The substantive reasonableness of the sentence imposed by the district court is reviewed under an abuse-of-discretion standard, and any sentence within the Guidelines range is presumed to be reasonable. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

No. 17-40895

III.

A.

Gonzalez argues that the evidence introduced at trial was insufficient for a jury to convict him of participating in a conspiracy to distribute cocaine. To sustain a conviction for conspiracy to distribute drugs, the government must prove beyond a reasonable doubt that: "(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy." *United States v. Ochoa*, 667 F.3d 643, 648 (5th Cir. 2012). "Mere presence at the scene of a crime or close association with a co-conspirator will not support an inference of participation in a conspiracy. . . . However, an agreement may be inferred from a concert of action . . . [and] the development and collocation of circumstances." *United States v. Tenorio*, 360 F.3d 491, 495 (5th Cir. 2004) (citations and alterations omitted). Additionally, the defendant need only enter into an agreement with one other person and "need not know each of the other conspirators or each part of the unlawful scheme." *United States v. Bolts*, 558 F.2d 316, 325 (5th Cir. 1977).

Gonzalez raises several arguments as to why the evidence was insufficient for him to be convicted of participating in the conspiracy. None of them have merit. First, Gonzalez asserts that he lacked the background of someone who would conspire to distribute cocaine.[1] This argument is entirely irrelevant as to the sufficiency of the evidence on which he was convicted.

---

[1] Although the outcome of this case is not dependent on the appellant's immigration status, the assistant public defender appears to have materially misrepresented the record in this portion of Gonzalez's brief. The brief states: "As his presentence report indicates, [Gonzalez] was in the United States on a work permit[.]" However, this statement is derived from an interview wherein Gonzalez self-reported his personal data, and which the presentence report indicates is unverified. In actuality, the presentence report explicitly states that Gonzalez is an illegal alien. Counsel is cautioned regarding the importance of accurately representing the record.

No. 17-40895

Second, Gonzalez asserts that many of the co-conspirators testified that they did not know him. That argument lacks merit, given that all members of a conspiracy are not required to know every other member for a conspiracy to exist, and that it is not surprising that some members in a large conspiracy would not know each other. *See Bolts*, 558 F.2d at 325. And third, Gonzalez asserts that Perez-Tinajero's testimony was biased because she had pleaded guilty to the conspiracy and was a cooperating witness. That argument also lacks merit, as witness credibility is the province of the jury, and a conspirator's guilty verdict can be based on the testimony of co-conspirators even if they were offered leniency in exchange for their testimony. *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994).

There was ample evidence introduced at trial by which a jury could find, beyond a reasonable doubt, that Gonzalez was involved in a conspiracy to distribute cocaine. That evidence included his presence in a conspirator's vehicle when it contained multiple kilograms of cocaine hidden in a secret compartment; camera footage of him entering a home used by the conspirators to distribute the cocaine; and testimony by co-conspirators that he was not only involved in a cocaine transaction, but that he urged a distributor to "front" himself and another conspirator some of the drug. *See also United States v. Posada-Rios*, 158 F.3d 832, 860 (5th Cir. 1998) (noting that acquiring drugs on consignment (i.e. having them "fronted") is "strong evidence" of membership in a conspiracy because it indicates "an ongoing, mutually dependent relationship"). The evidence was sufficient for a rational jury to find him guilty, and Gonzalez's arguments to the contrary border on frivolous.

## B.

Gonzalez next asserts that even if he was involved in a conspiracy, the evidence was insufficient to find that he was involved with, or should have reasonably foreseen that he was involved with, a conspiracy to distribute five

or more kilograms of cocaine.  A conviction involving five or more kilograms of cocaine entails a ten-year mandatory minimum.  21 U.S.C. § 841(b)(1)(A)(ii).  For the purpose of sentencing determinations, "a defendant will not necessarily be held responsible for the full amount of drugs involved in the conspiracy, but rather only those amounts of drugs that he knew or reasonably could have known or believed were involved in the conspiracy, considering the co-conspirator's role in the conspiracy, his relationship to the other conspirators, and any other information with sufficient indicia of reliability." *United States v. Akins*, 746 F.3d 590, 607 (5th Cir. 2014) (citations and alterations omitted).  When the sentencing court imposes a mandatory minimum, the quantity of drugs attributable to the individual defendant must be proven beyond a reasonable doubt.  *United States v. Haines*, 803 F.3d 713, 740–41 (5th Cir. 2015).  *See also Alleyne v. United States*, 570 U.S. 99, 108 (2013) ("Facts that increase the mandatory minimum sentence . . . must be submitted to the jury and found beyond a reasonable doubt."); *cf. United States v. Turner*, 319 F.3d 716, 722–23 (5th Cir. 2003) (holding that in the context of a *statutory maximum*, the government need only prove the conspiracy-wide quantity of drugs beyond a reasonable doubt, and that the individually-attributable quantity of drugs can be proven by a preponderance of the evidence).

In this case, the jury was properly instructed to find the quantity of cocaine attributable to Gonzalez beyond a reasonable doubt.  This court therefore presumes the jury applied the reasonable doubt standard in determining that quantity.  *See Charles v. Thaler*, 629 F.3d 494, 503 (5th Cir. 2011) (noting that this court presumes juries follow instructions).

Nonetheless, Gonzalez asserts that there was insufficient evidence for the jury to determine beyond a reasonable doubt that he was directly involved with, or could have reasonably foreseen that he was involved with, five or more kilograms of cocaine.  Gonzalez's argument boils down to three points: (1) he

was found with a vehicle that only had approximately three kilograms in it; (2) none of the other co-conspirators testified that he had been involved in any exchanges with them other than the one at Perez-Tinajero's home in April 2015; and (3) opinions as to how the additional volume of the hidden compartment discovered in the vehicle could have been utilized were purely speculative.

However, the evidence introduced at trial was sufficient for a jury to find that he should have reasonably foreseen he was involved in a conspiracy involving five or more kilograms of cocaine.  First, he was found in possession of approximately three kilograms of cocaine.  That is not a small amount, and this court has noted: "an individual dealing in a sizable amount of controlled substances ordinarily would be presumed to recognize that the drug organization with which he deals extends beyond his universe of involvement." *United States v. Thomas*, 963 F.2d 63, 65 (5th Cir. 1992).  Second, he was personally involved in acquiring that cocaine from Perez-Tinajero, a dealer who was responsible for distributing at least 450 kilograms of cocaine.  Third, he travelled from New York to Dallas with Reyes, a regular customer of Perez-Tinajero, who routinely transported cocaine from Texas to New York for the purpose of resale.  Fourth, the hidden compartment the pair used to transport the cocaine was designed to carry much more than five kilograms.  *See also United States v. Knight*, 342 F.3d 697, 712 (7th Cir. 2003) (noting that the size of the secret compartment in a vehicle used to transport drugs was evidence for determining whether individual defendants could reasonably foresee the scope of the conspiracy in which they were involved).  And fifth, there was testimony that he urged Perez-Tinajero to "front" Reyes and himself the third kilogram.  *See Posada-Rios*, 158 F.3d at 860 (noting that acquiring drugs on consignment (i.e. having them "fronted") "indicates a strong level of trust and an ongoing, mutually dependent relationship").

No. 17-40895

Gonzalez's argument that the evidence was insufficient to show that he was not involved with five kilograms is stronger than his argument that the evidence was insufficient to show that he was not involved in the conspiracy at all. Nonetheless, this court does not reweigh the jury's measurement of the evidence, and instead "view[s] the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001). Viewed in that light, the evidence was sufficient for a rational jury to conclude, beyond a reasonable doubt, that Gonzalez was involved in, or should have reasonably foreseen that he was involved in, a conspiracy to distribute five or more kilograms of cocaine.

C.

Gonzalez also asserts that the district court erred in relying on the jury's finding of drug quantity when imposing his sentence. This argument is just an extension of the previous one. Because he contends that there was insufficient evidence for the jury to find that he was involved in, or should have reasonably foreseen that he was involved in, a conspiracy that involved five or more kilograms of cocaine, Gonzalez asserts that the district court imposed a sentence based on clearly erroneous facts.

However, for the reasons already presented, we hold that there was sufficient evidence for the jury to determine beyond a reasonable doubt that Gonzalez should have reasonably foreseen that the conspiracy involved five or more kilograms of cocaine. Given that the five-kilogram quantity was not erroneous, a ten-year mandatory minimum was required and the Sentencing Guidelines range for Gonzalez was 121–151 months. The district court's sentence of 136 months is within that Guidelines range, and is therefore presumptively reasonable.

AFFIRMED.