# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40064

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SERGIO ADRIAN JUAREZ-ORTIZ,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1357-1

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Sergio Adrian Juarez-Ortiz pleaded guilty to the offense of alien in possession of ammunition, in violation of 18 U.S.C. § 922(g)(5). At sentencing, he received a four-level enhancement for possessing the ammunition with knowledge, intent, or reason to believe it would be transported out of the United States. He was sentenced to 20 months' imprisonment. On appeal, he challenges the sufficiency of the evidence for applying the enhancement.

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-40064

Because the district court did not clearly err by inferring that Juarez-Ortiz possessed the requisite knowledge, intent, or reason to believe, we AFFIRM.

I.

On August 1, 2017, the U.S. Department of Homeland Security Investigations (HSI) received information from a confidential source that Juarez-Ortiz, a citizen of Mexico, had entered the United States on a non-immigrant visa and purchased ammunition at an Academy Sports and Outdoors Store in Pharr, Texas. It was later determined that Juarez-Ortiz had entered the United States that day at approximately 10:35 a.m. in a Dodge Ram truck and returned to Mexico, in the same vehicle, at approximately 3:30 p.m. A subsequent investigation also revealed that Juarez-Ortiz had previously entered the United States from Mexico with an individual named Hugo Ismael Torres-Castro, another citizen of Mexico, who purchased large quantities of ammunition in the United States between July and August of 2017. Torres-Castro made at least one of those ammunition purchases with a debit card belonging to an individual named Luis Arturo Flores-Saldivar.

On August 21, 2017, Juarez-Ortiz re-entered the United States from Mexico in the same Dodge Ram truck at approximately 1:35 p.m. An HSI agent followed him to an Academy Sports and Outdoors Store in Edinburgh, Texas, where he was observed purchasing a large amount of ammunition and loading it into the truck. The agent followed Juarez-Ortiz as he drove to a residence in Mission, Texas. The agent observed that Torres-Castro and Flores-Saldivar were also at the residence. After Juarez-Ortiz departed the residence in the truck, HSI requested local police assistance and a subsequent traffic stop by the Pharr Police Department revealed approximately 3,600 rounds of .223 caliber ammunition in the truck.

Juarez-Ortiz pleaded guilty to being an alien in the United States under a nonimmigrant visa in possession of firearms or ammunition, a violation of 18

No. 18-40064

U.S.C. § 922(g)(5).  The Presentence Investigation Report (PSR) recommended a four-level enhancement because Juarez-Ortiz possessed the ammunition "with knowledge, intent, or reason to believe that it would be transported out of the United States."  *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (U.S. Sentencing Comm'n 2018).  Juarez-Ortiz objected to the enhancement, claiming it was based only on speculation.  The district court overruled that objection, and determined "that a preponderance of the evidence here [did] support the finding that he purchased it with . . . knowledge[,] intent[,] or reason to believe that it would be transported out of the United States."  After applying downward departures for being a first-time offender and accepting responsibility, Juarez-Ortiz's Guidelines range was 18–24 months' imprisonment, and he was sentenced to 20 months.  Juarez-Ortiz timely appeals the four-level enhancement, contending that there was insufficient evidence for the district court to find that he had knowledge, intent, or reason to believe that the ammunition would be transported outside the United States.

## II.

"We review the district court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error."  *United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014).  "A defendant seeking reversal on the basis of insufficient evidence swims upstream."  *United States v. Gonzalez*, 907 F.3d 869, 873 (5th Cir. 2018) (alteration omitted) (quoting *United States v. Mulderig*, 120 F.3d 534, 546 (5th Cir. 1997)).

"The government must prove the facts necessary to support a sentencing enhancement by a preponderance of the evidence."  *United States v. Reyna-Esparza*, 777 F.3d 291, 294 (5th Cir. 2015).  "[S]peculation as to the existence of these facts [is] an insufficient basis to enhance[.]"  *United States v. Conner*, 537 F.3d 480, 491 (5th Cir. 2008).  However, "the sentencing court is permitted

No. 18-40064

to make common-sense inferences from the circumstantial evidence[,]" *United States v. Caldwell*, 448 F.3d 287, 292 (5th Cir. 2006), and a "factual finding is not clearly erroneous if it is plausible in light of the record as a whole[,]" *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

"If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even [if] . . . it would have weighed the evidence differently." *Anderson v. City of Bessemer*, 470 U.S. 564, 573–74 (1985).

### III.

The district court made a factual finding, under a preponderance of the evidence standard, that Juarez-Ortiz possessed the ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States. Juarez-Ortiz contends that there was insufficient evidence for the district court to reach that conclusion. His argument is that nothing in the record specifically denotes an intent for the ammunition to be taken out of the United States and that any inference made by the district court to that effect was therefore purely speculative. We disagree.

While it is true that no direct evidence in the record clearly indicates that Juarez-Ortiz had knowledge, intent, or reason to believe the ammunition would be taken out of the United States, "the sentencing court is permitted to make common-sense inferences from the circumstantial evidence." *Caldwell*, 448 F.3d at 292. Though the question is admittedly a close one, we believe that there was sufficient circumstantial evidence to sustain the district court's finding that Juarez-Ortiz had the requisite knowledge, intent, or reason to believe. That circumstantial evidence included: (1) evidence that he had previously entered the country, purchased ammunition, then crossed back across the border only a few hours later; (2) the bulk quantity of ammunition of which he was in possession; (3) evidence that he was associated with other

4

No. 18-40064

Mexican nationals who also purchased ammunition in bulk; (4) the absence of any other business or recreational explanation for purchasing the ammunition in bulk; (5) the fact that he still had the ammunition in the vehicle after stopping at a residence where he could have unloaded it; and (6) the fact that he was a resident of Mexico and likely to return there.

In the face of this circumstantial evidence suggesting that he had knowledge, intent, or reason to believe that the ammunition would be taken back across the border, Juarez-Ortiz did not offer any significant evidence in rebuttal, even when specifically pressed to do so by the district court. To the contrary, when pressed by the district court to offer any evidence for why the PSR's conclusion was wrong, all that Juarez-Ortiz offered in response were comments about his supposed good character; conclusory statements that he did not have the requisite knowledge, intent, or reason to believe; and the unsupported statement that he was "supposed to leave the ammunition" at the house in Mission. In its capacity as factfinder, the district court was within its discretion to discount the veracity of those statements, especially given the fact that Juarez-Ortiz left the home in Mission with the ammunition still in his vehicle. *See also United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) ("Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. . . . [I]n the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." (quoting *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995))).

For these reasons, we hold that the district court's finding that Juarez-Ortiz had knowledge, intent, or reason to believe the ammunition would be taken outside the United States was plausible in light of the evidence. As such, that factual finding was not clearly erroneous, and the district court did not err in applying the four-level sentencing enhancement.

The judgment of the district court is AFFIRMED.