# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60615
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

BRANDON SHAQUILLE BRADLEY-MURRY,
Also Known as Brandon Shaquille Murry,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:18-CR-7-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Brandon Bradley-Murry pleaded guilty of being a felon in possession of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60615

a firearm and was sentenced to an upward variance of ninety-six months' imprisonment and three years' supervised release.  First, he contends that the district court improperly based the variance on pending state charges in violation of his due process rights and his right to a trial by jury.

Under *Gall v. United States*, 552 U.S. 38, 51 (2007), this court engages in a bifurcated review of the reasonableness of a sentence.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  Initially, we consider whether the district court committed a "significant procedural error," such as miscalculating the advisory guideline range.  *Id.*  If there is no error or the error is harmless, we review the substantive reasonableness of the sentence for abuse of discretion.  *Id.* at 751–53.

The district court did not err in considering the information in the pre-sentence report ("PSR") concerning the pending state charges for aggravated domestic assault, witness intimidation, and conspiracy to commit witness intimidation.  The PSR included detailed information about the pending charges, including statements made by the victim and by Bradley-Murry.  Bradley-Murry admitted that he had a fight with the victim and had his hands around her neck.  The investigating officer observed that the victim had bruise marks on the front of her throat, as well as fingernail scratches, and noted that intense pressure was required to cause that kind of bruising.  Officers also obtained numerous recorded jail telephone conversations in which Bradley-Murry admitted that he grabbed the victim by the neck, repeatedly asked her to recant her statement, and asked others to pressure her to recant her statement and to assault her if she refused.

Bradley-Murry did not present evidence to show that that information in the PSR was false, inaccurate, or unreliable.  Because the PSR provided detailed information concerning the defendant's conduct and had an adequate

evidentiary basis with sufficient indicia of reliability, the district court did not err in considering it. *See United States v. Harris*, 702 F.3d 226, 230–31 (5th Cir. 2012).

Further, Bradley-Murry has not shown that the court's consideration of that information violated his due process rights or his right to a trial by jury. *See United States v. Hebert*, 813 F.3d 551, 563–64 (5th Cir. 2015) (holding that defendant's Fifth and Sixth Amendment claims were foreclosed by precedent because courts can engage in judicial factfinding at sentencing where the sentence does not exceed the statutory maximum term); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (holding that the district court may make all factual findings relevant to sentencing based on a preponderance of the evidence without violating Sixth Amendment rights). Bradley-Murry's ninety-six-month sentence did not exceed the statutory maximum of ten years under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Second, Bradley-Murry argues that the sentence is substantively unreasonable. He also maintains that the district court erred in relying on his criminal history because it was already taken into account by the guidelines.

Because Bradley-Murry objected to the substantive reasonableness, he preserved that issue for appellate review. *See United States v. Torres-Perez*, 777 F.3d 764, 767 (5th Cir. 2015). This court ordinarily reviews substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Gonzalez*, 907 F.3d 869, 873 (5th Cir. 2018). To show that the non-guidelines sentence is substantively unreasonable, the defendant must show that the district court failed to account for a significant factor that should have received significant weight, gave significant weight to an improper factor, or made "a clear error in judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

No. 18-60615

The district court adopted the PSR without objection and considered the 18 U.S.C. § 3553(a) factors, the parties' arguments, Bradley-Murry's allocution, and the letters written on his behalf. The court determined that an upward variance was appropriate based on the § 3553(a) factors and for the following reasons: The guidelines did not adequately address Bradley-Murry's criminal history; he was unable to accept responsibility for his actions; he committed the instant offense and the pending domestic violence offense while under supervision; he had no respect for the law; and he had also fought with arresting officers in the past.

Those were all permissible reasons for imposing an upward variance. *See Smith*, 440 F.3d at 708–09; *see also United States v. Herrera-Garduno*, 519 F.3d 526, 531–32 (5th Cir. 2008). Further, Bradley-Murry has not shown that the extent of the variance was substantively unreasonable, given that this court has affirmed similar upward variances. *See United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008); *Herrera-Garduno*, 519 F.3d at 531–32.

AFFIRMED.