# United States Court of Appeals
# for the Fifth Circuit

_____

No. 21-20609
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Maxwell Chibueze Ezenwa,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-267-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Maxwell Chibueze Ezenwa appeals his convictions, following a bench trial, for wire fraud, mail fraud, conspiracy to commit wire fraud, and conspiracy to commit mail fraud. Ezenwa challenges the sufficiency of the evidence supporting each count of conviction as well as the district court's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

proposed verdict form insofar as it listed the elements of mail and wire fraud. We affirm the judgment.

We review sufficiency in the context of a bench trial for substantial evidence, that is, "evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty." *United States v. Knowlton*, 993 F.3d 354, 357 (5th Cir. 2021) (internal quotation marks and citation omitted). As to wire fraud and conspiracy to commit wire fraud, the testimony of numerous witnesses as well as documentary evidence supported the convictions. *See United States v. Sanders*, 952 F.3d 263, 277 (5th Cir. 2020); *see also United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015) (elements of conspiracy). There was evidence that one of Ezenwa's coconspirators, Shalewa Olayinka, obtained stolen credit card information from the victims, which Ezenwa and another coconspirator, Christy Tifase, used to process fraudulent transactions through their respective businesses, Lace Warehouse and Lagos Island Café, after which the proceeds of the fraud were withdrawn by Ezenwa and split among the three. Ezenwa also maintained fake invoices, which he used to substantiate the fraudulent credit card charges when banks issued charge-backs. A postal inspector testified that approximately 70% of Lace Warehouse's credit card sales between 2013 and 2014 were fraudulent, and, during an interview with the inspector, Ezenwa admitted to running fraudulent credit cards at his business. Finally, none of the victims had knowingly bought anything from Lace Warehouse. The evidence amply supported the verdict on these counts.

On the mail fraud counts, the evidence was likewise sufficient. *See United States v. Evans*, 892 F.3d 692, 711 (5th Cir. 2018). Various men, whether or not personally known to Ezenwa, befriended women on dating websites and eventually convinced them, through promises of investment, to mail cashier's checks for substantial sums of money to CAPS Global—

another of Ezenwa's companies—or to Ezenwa personally. Rather than invest the victims' money, Ezenwa and coconspirator Onuorah deposited their checks into the bank accounts of CAPS Global and Onuorah's various businesses and then wired the money to themselves or to Nigerian companies. Ezenwa also endorsed one of the victims' checks, for $30,000, to himself and cashed it. *Cf. United States v. Freeman*, 434 F.3d 369, 377 (5th Cir. 2005). This same evidence supports a conspiracy conviction. *See United States v. Mann*, 493 F.3d 484, 492 (5th Cir. 2007). That Ezenwa may not have known all other members of the conspiracy is of no moment. *See United States v. Gonzalez*, 907 F.3d 869, 874 (5th Cir. 2018). The existence of a mail fraud conspiracy involving Ezenwa could be sufficiently inferred from the concert of action in this case. *See Sanders*, 952 F.3d at 274.

Finally, Ezenwa challenges the district court's verdict form on the mail and wire fraud counts. There was no error. *See United States v. Tencer*, 103 F.3d 1120, 1127 (5th Cir. 1997).

AFFIRMED.